## F. E. GRAY *vs.* WILLIAM JAMES & another.

Hampden.    Sept. 25, 1878. — Jan. 3, 1879.    AMES & SOULE, JJ., absent.

In an action upon an order alleged to be drawn on the defendant by A., payable to the plaintiff and accepted by the defendant, it appeared that B. contracted for the building of a church for a religious society; that the defendant agreed with B. to furnish the mason work and materials, and A. contracted with the defendant for the performance of part of the work; that, during the work, the tower of the church was found to be defective, and the society caused it to be partly taken down, and took possession and disposed of the materials; that the tower has since remained in the condition in which it was then left, except that, on finishing the church for occupancy, it was roofed over; that the order sued on was drawn on the defendant by A., payable "from percentage retained on work" upon the church, and accepted by the defendant payable "when the work is accepted by the church;" that, before the acceptance of the order, the completion of the tower had been abandoned by the mutual consent of all parties; and no steps, after the discovery of the defect, were taken by either the contractors or the society for further work upon it; that the society contended that the work on the tower was not done according to the contract, and, on that account, withheld from B. several thousand dollars, who in turn withheld the same from the defendant, out of the amount due by the terms of the contract; and that, when the defect was discovered, it was in dispute between the parties whether it was caused by poor materials, improper workmanship, or a defect in the plan.

The plaintiff offered evidence tending to show that the defect was in the plan; and that the work and materials were in accordance with the plan and specifications, which were approved by the architect and superintendent, and such as were required by the terms of the contract. It further appeared that, after the abandonment of the work on the tower, the rest of the church was completed by B., who was paid therefor in full, excepting the amount withheld; that the society then took possession of the church, and have had exclusive occupancy of it since; and that, when possession was taken, the officers of the society stated to B. that it was to be without prejudice to its rights in regard to the alleged defect, and this was assented to by B., who afterwards went into bankruptcy, and the claim of his estate against the society for the whole amount withheld on the contract was sold by his assignee, and purchased for a small sum for the benefit of the society. *Held,* upon the above evidence, that whether the plaintiff had shown such an acceptance of the work by the society as would entitle him to recover on the order, was a question of fact for the jury.

CONTRACT upon two orders alleged to be drawn on the defendants by John O'Flaherty, payable to the plaintiff and accepted by the defendants. Writ dated February 19, 1878. Trial in the Superior Court, before *Allen*, J., who ruled that the plaintiff could not recover; directed a verdict for the defendants; and reported the case for the determination of this court. The facts appear in the opinion.

*G. Wells*, for the plaintiff.

*M. P. Knowlton*, for the defendants.

COLT, J. It appears from the facts stated in this report, that Charles L. Shaw contracted for the building of a church edifice for a religious society in Springfield. Under this contract, the defendants agreed with Shaw to furnish the mason work and materials, and O'Flaherty contracted with the defendants for the performance of part of their work. During the progress of the work, it was discovered, in December 1875, that the tower of the church was defective, and soon after the society caused it to be partly taken down and took possession of the materials and disposed of the same. The tower has since remained in the condition in which it was then left, except that, on finishing the church for occupancy, it was roofed over.

This action is to recover on two orders, drawn by O'Flaherty on the defendants, one in July, and the other in September 1875. both made payable "from percentage retained on work" upon the church, and each accepted by the defendants in March following, payable "when the work is accepted by the church." Before the acceptance of these orders, the completion of the

tower had been abandoned by the mutual consent of all parties, and no steps, after the discovery of the defect, were taken by either the contractors or the society for the further prosecution of the work upon it, nor has any request been made therefor.

The society contended that the work on the tower was not done according to the contract, and on that account withheld from Shaw, the contractor, several thousand dollars, who in turn withheld the same from the defendants, out of the amount due by the terms of the contract. But there was evidence at the trial, that, when the defect was discovered, it was in dispute between the parties whether it was caused by poor materials, improper workmanship, or a defect in the plan. The plaintiff offered evidence tending to show that the defect was in the plan, and that the work and materials were in accordance with the plan and specifications, were approved by the architect and superintendent, and such as were required by the terms of the contract. After the abandoment of the work on the tower, the rest of the church was completed by the contractor, who was paid therefor in full, excepting the amount withheld as above stated.

In May 1876, the society took possession of the church edifice, and have had exclusive occupancy of it since. When possession was taken, the officers of the society stated to the contractor, that it was to be without prejudice to its right in regard to the alleged defect, and this was assented to by the contractor. Shaw afterwards went into bankruptcy, and the claim of his estate against the society for the whole amount withheld on the contract was sold by his assignee, and was purchased for a small sum, for the benefit of the society, by one of its officers.

Upon this state of the case, it could not properly be ruled, as matter of law, that the plaintiff had not shown such an acceptance of the work by the society as would entitle him to recover upon these orders. There was evidence that the completion of the tower was dispensed with by the society, and abandoned by all parties. There was evidence put in by the plaintiff that the imperfection discovered in it was not caused by the fault of the contractors, but by a defect in the plan. This question has never been tried and settled between the parties. A material question of fact is open. If the plaintiff's claim in this respect is estab-

lished, then the conduct of the society in taking possession of and occupying the church, might be well found to be an acceptance of it as a sufficient fulfilment of the contract, notwithstanding any verbal claim to the contrary made at the time. The effect of such a claim was only to prevent the acceptance from being evidence of a waiver of any claim for defects. These considerations dispose of the case, and render it unnecessary to consider whether the point is well taken, that, by the true construction of the written orders and acceptances, payment is to be made whenever such possession is taken as would give the contractors a right to be paid upon a *quantum meruit,* for the work and materials of which the society had the benefit. The plaintiff, upon a less favorable construction, is entitled to go to the jury.

*New trial ordered.*