### F. E. GRAY *vs.* WILLIAM JAMES & another.

Hampden.    Sept. 24, 1879. — Jan. 10, 1880.    ENDICOTT & LORD, JJ., absent.

A sub-contractor for building a church drew an order on the person with whom he made the contract, payable to A. "from percentage retained on work." The order was accepted, "payable when the work is accepted by the church." Before the order was accepted, the tower of the church was found to be defective, and was taken down, and its completion had been abandoned by the mutual consent of the church society and the contractor ; but the society then contended that the defect was owing to the fault of the contractor, and retained a large sum of money which by the terms of the contract would have been payable on the completion of the work. *Held*, in an action on the order by A. against the acceptor, that, if the defect was owing to this cause, and not to a defect in the plan, the action could not be maintained, although the society, before the action was brought, occupied and used the building.

CONTRACT upon two orders one dated July 12, 1875, and the other September 13, 1875, drawn on the defendants by John O'Flaherty, payable to the plaintiff " from percentage retained on work on Episcopal Church." and accepted, on March 28, 1876.

by the defendants, "payable when the work is accepted by the church." After the former decision, reported 126 Mass. 110, the case was tried in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows :

The plaintiff put in evidence tending to show that Charles L. Shaw had a contract for building an episcopal church in Springfield; that the defendants contracted with Shaw for the mason-work and materials; and O'Flaherty contracted with the defendants for the performance of part of their work; that the work covered by the defendants' contract, as well as by O'Flaherty's, had progressed to the completion of the church except the tower, which was built to about two thirds its height, when, on December 3, 1875, it was ascertained that the tower was defective, and thereupon the work on it was suspended; that a short time afterwards, the tower being deemed unsafe, the church society caused it to be taken down, and took possession and disposed of the materials; that the taking down of the tower as far as deemed necessary was completed about January 3, 1876, and it had since remained in the condition in which it was then left, except that, in finishing the church for occupancy, it was roofed over; that before the acceptance of the orders the completion of the tower had been abandoned by the mutual consent of all parties; that no steps had been taken after the defect was discovered, either by the defendants or the society, for the further prosecution of the work, at the time the orders were accepted or since, nor has any request been made therefor.

It was also in evidence that the work done by O'Flaherty, which was left after the tower was taken down, estimated at contract price, was about $9000; that if the spire had been completed, O'Flaherty's contract would have amounted to about $12,000; and that O'Flaherty had been paid about 80 per cent. for all the work done by him, from month to month, as the work progressed; and that if O'Flaherty was liable for the defects in the tower, he had been fully paid all he would be entitled to under the contract.

When the defect in the tower was discovered, a question arose as to who was responsible for the defect, it being in dispute whether it resulted from poor material, improper workmanship, or a defect in the plan. The plaintiff's evidence tended to show

that the materials furnished and the workmanship were in accordance with the plans and specifications; that as the work progressed they were from time to time approved by the architect and were satisfactory to the superintendent appointed by the church, and fully up to the terms of the contract. The defendants offered evidence to the contrary. The plaintiff conceded, however, that the church society had contended that the work upon the tower was not properly done, and not according to the contract, and had withheld from the contractor, who had withheld from the defendants a sum amounting to about $6000, on account of said alleged defect, which sum has been ever since withheld and never has been paid. The plaintiff also offered evidence tending to show that, after the abandonment of the work upon the tower, the rest of the church was completed by the contractor; that he was paid therefor, except the amount withheld as aforesaid, which was about the same as the amount due from the defendants estimated at contract price at the time work upon the tower was stopped; that about May 1, 1876, the society took possession of the church, and has ever since used and occupied the same for the purpose for which it was built, and has had entire control of the same; but when the society took possession of the church, the wardens stated to the contractor that the occupancy so taken was to be without prejudice to their rights with reference to the alleged defects, to which the contractor assented; that, in 1877, Shaw went into bankruptcy; and the proof of debt sworn to and offered for allowance by the defendants against his estate, wherein they contended there was due to them from Shaw the full amount, estimated at contract price, of all the work and material furnished by them, including that for the tower and the amount due for work done and materials furnished by O'Flaherty, was put in evidence.

The plaintiff asked the judge to rule as follows: " The taking possession, by the church, of the work as it stood at the time of making of the acceptance, it being before the commencement of this action, entitles the plaintiff to recover. The limitation upon the acceptance relates only to the time of payment, and if a reasonable term elapsed after the acceptance of the order for the church to accept the work, before bringing this suit, the plaintiff is entitled to recover."

The judge declined so to rule; and, upon the question of possession, ruled that the facts connected with the taking possession of the church were evidence for the jury to consider upon the question of acceptance, giving them further instructions upon the question of what would or might constitute an acceptance, to which no exceptions were taken; and, at the request of the plaintiff, further instructed them that, if they found that the work upon the church was done in accordance with the terms of the contract, and that the defect in the tower was owing to defects in the plan and was not owing to any improper workmanship, or any improper material put in, by the defendants or O'Flaherty, so that, as between them and the society, the contractors were entitled to their pay under the contract, then, as matter of law, the conduct of the society in taking possession and occupying the church must be deemed to be an acceptance by them of the work which was done as and for a fulfilment of the contract, and the plaintiff would be entitled to recover upon these orders. The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*G. Wells*, for the plaintiff.

*M. P. Knowlton*, for the defendants.

COLT, J. When this case was before this court at a previous term, a new trial was ordered, because there was found to be a question of fact, material to the rights of the parties, which had not been passed upon. 126 Mass. 110. That question was, whether the imperfection in the construction of the tower of the church, on account of which the society refused to accept the church edifice as a full performance of the contract for its construction, was attributable to the fault of the contractor, or to a defect in the original plan, for which the contractor was not responsible. It has now been settled by a verdict in favor of the defendants, under instructions from which it is clear the jury must have found that the imperfect construction complained of was caused by improper workmanship, or improper materials furnished by the contractor.

A question is now raised as to the true interpretation of the defendants' contracts of acceptance, upon which this action is brought. These acceptances are indorsed upon two orders drawn by O'Flaherty in favor of the plaintiff in July and Sep-

tember 1875, each made payable "from percentage retained on work." Both orders were accepted in March 1876 by the defendants, "payable when the work is accepted by the church." It is contended by the plaintiff, that payment of the orders is not made to depend upon the completion of the building contract, or upon the payment by the society of the balance due upon it; that by a fair construction of the contracts of acceptance, the payment upon them is to be made, when the society takes possession of the unfinished church edifice, in such manner as to give the defendants a right to recover upon a *quantum meruit* for the work and materials of which the society had received the benefit. The argument is, that, as both parties had abandoned the completion of the tower when the orders were accepted, it could not have been intended by them to limit the time of payment to the acceptance of the work as a complete fulfilment of the building contract. There would be some force in this, if the failure on the tower was at that time understood and agreed between the parties to be due to the fault of the contractor, and not to a fault in the plan. But it was not so understood; on the contrary, the case finds that the matter was in dispute between them. If the fault was not in the contractor, then the possession taken by the society would, notwithstanding its protest, make it liable for the full contract price, and constitute an acceptance within the meaning of the contract with the defendants. The jury in this case might have found such an acceptance, under the instruction given, and have returned their verdict for the plaintiff, instead of a verdict for the defendants.

The more reasonable construction of the contracts in question is that the defendants' promises to pay were conditioned upon an express acceptance of the work under the contract, or upon an acceptance implied from the possession and occupation of a building, for the failure to complete which according to contract the defendants were not at fault. The interpretation contended for by the plaintiff is inconsistent with the terms of the orders themselves, which are both made payable out of the percentage retained by the society, which we understand to be that portion of the contract price usually retained for the last payment, as a guaranty for the full performance of the contract.

*Exceptions overruled.*