# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

CARMEN A. VITTI *vs.* HAIG S. GARABEDIAN.

HAIG S. GARABEDIAN *vs.* CARMEN A. VITTI.

Middlesex.    March 6, 1928. — May 28, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract*, Performance and breach, Waiver, Building contract.  *Waiver.*
*Practice, Civil*, Requests for rulings.

A building contract provided in substance that no alterations should be
made in the work nor extras or additions of any kind recognized or
allowed except upon written order of the architect.  Alterations were
made and extra services furnished by the contractor without such
written order, and there was no express waiver of the provisions of the
contract.  At the trial of an action of contract by the contractor against
the owner to recover for such extras, the judge, subject to exception by
the defendant, admitted evidence of conversations with the architect
showing a waiver by the architect of the conditions as to extra costs, and
the defendant testified, "that, whatever the architect had said or done
he stood back of, providing the changes would not cost him more
money," and that "the architect was supposed to supervise the building
for me.  He was to check it up.  I employed him to represent me.  I
didn't have him as a foreman."  There also was evidence that the de-
fendant knew of and orally authorized the extras.  The judge found
that the defendant had waived the provisions of the contract requiring
an order in writing if any changes were made.  *Held*, that
   (1) The evidence properly was admitted;
   (2) The judge's finding was warranted.

Requests of a judge, hearing an action without a jury, for rulings predicated on facts at variance with facts found by the judge, properly may be denied.

In an action by an owner against a building contractor for damages alleged to have resulted from breaches of the contract, where the evidence was conflicting and the judge found the plaintiff's contentions maintained only in part, it was proper to refuse to rule that, "On all the evidence the plaintiff is entitled to recover for the items set forth in the plaintiff's declaration."

CONTRACT by a building contractor against the owner of a house for $2,607.05 for extra work done in completing a contract for the construction of the house for the defendant. Writ in the District Court of Newton dated November 8, 1926. Also, an action of

CONTRACT by the owner against the contractor with a declaration as amended upon an account annexed for "items of recoupment claimed by the plaintiff for work either not done or negligently done by the defendants, requiring additional expenditures by the plaintiff." The account set forth as "total amount claimed," $2,168, and contained an item of credit of $1,000, "retained by plaintiff on contract price," the balance claimed being $1,168. Writ in the District Court of Newton dated December 3, 1926.

Material evidence at the trial in the District Court is stated in the opinion. In the first action, Garabedian asked for the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover because there has not been substantial compliance with the terms of the written contract.

"2. On all the evidence the plaintiff is not entitled to recover for any extra work claimed to have been done because of his failure to secure a written order from the architect as required by the terms of the contract and specifications.

"3. The architect had no authority to vary the terms of the written contract.

"4. The architect had no authority to change the requirements of the specifications unless he gave an order in writing to the contractor, or there were no additional costs involved in the change.

"5. The plaintiff had no warrant to expect payment for

any extra work done unless he complied with the terms of the contract and specifications and secured a written order from the architect.

"6. On all the evidence such variations from the contract as were made by the plaintiff did not, in fact, increase the cost of the entire work.

"7. Such changes or additions as may have been made in connection with the attic, if they involved any additional costs whatever to the contractor, were more than offset by the changes in the location and construction of the garage."

The judge in the first action denied the requests for rulings, and found as follows: "I find as a fact that the contract was substantially completed; that. there was much extra work which was done by the plaintiff, all of which was ordered by the defendant's architect or the defendant and all of which was known and assented to by the defendant, and that the provision of the contract requiring an order in writing for any changes was waived by the defendant. I find that the fair value of the extra work outside of the contract done by the plaintiff amounts to $1,888.26. I, therefore, find for the plaintiff in the sum of $1,888.26."

In the second action, Garabedian requested the following rulings:

"1. The plaintiff is entitled to recover for the fair value of all work not done by the contractor in accordance with the contract and specifications. See last paragraph, page 3 of specifications.

"2. The plaintiff is entitled to recover at the rate of $75 per month from the first of September to the twenty-fifth of November. See article 2 of the contract.

"3. The plaintiff is entitled to the reasonable costs of finishing such part of the work called for under the contract and specifications as was not done in a good workmanlike manner by the defendant.

"4. On all the evidence the plaintiff is entitled to recover for the items set forth in the plaintiff's declaration."

The judge in the second action gave the first three rulings and denied the fourth ruling, and found as follows: "I find as a fact that there was a saving to the defendant over the

contract price by reason of certain changes made with the consent and approval of the plaintiff and that the plaintiff is entitled to recover for the work which was either incompleted or not satisfactorily done. I find that the amount necessary to complete the work and the amount saved by the defendant by reason of the changes in the contract was $961.82; inasmuch as the plaintiff's declaration gives a credit of $1,000 retained by him on the contract price, there is no balance due to Garabedian. I therefore find for the defendant."

A report by the trial judge to the Appellate Division for the Northern District was ordered dismissed. Garabedian appealed.

*J. A. Post,* for Garabedian.

*H. S. Boyd,* for Vitti.

BRALEY, J. The first action is to recover for labor performed and materials furnished in excess of the contract price for which the plaintiff agreed to build a single dwelling house and garage for the defendant. There was evidence warranting the findings by the trial judge, that the plaintiff did much extra work as shown by the account annexed to the declaration, the fair value of which was $1,888.26. The contract however contained the following provisions:

DEVIATIONS FROM DRAWINGS, ETC.

No deviation from the drawings and specifications shall be made in the execution of the work without the written approval of the architect.

ALTERATIONS.

The contractor agrees that the owner shall be at liberty at all times during progress of the work to direct any alterations to be made therein, and deviations from said drawings and specifications, without in any respect or particular varying this agreement or impairing its force, it being understood that in case any alterations or deviations are made, such further time shall be allowed for completion of the work caused by such alterations or deviations as the architect shall decide to be reasonable and such sums of money shall be paid the contractor in addition to the contract price, or subtracted from the contract price, as the

case may be, as such work may be fairly worth.   No alterations shall be made in the work nor extras or additions of any kind shall be recognized or allowed except upon written order of the architect.   The amount to be paid by the owner or allowed by the contractor by virtue of such alterations, extras or additions to be stated in the order. Should the owner and contractor not agree as to the amount to be paid or allowed, the work shall go on under the order required above, the determination of said amount shall be referred to arbitration.   The Architect shall have the power to direct any changes in the construction as they may think desirable or necessary during progress of the work provided the same shall involve no additional expense.

It was undisputed that no orders in writing were given by the architect and the defendant contends that by the express terms of the contract the plaintiff cannot recover.   The plaintiff however testified and introduced evidence tending to show that the defendant was present with the architect at various times and saw the extra work being done, and made no objection.   When the first extra work was in progress, he asked the architect for a certificate but was told that no certificate was necessary.   The plaintiff also testified that after the contract was signed he talked with the defendant with reference to certain work in the attic telling him it would cost more to make the proposed changes in the roof and attic than were shown by the plans.   The record states that there was no express waiver.   But the defendant testified that the attic was finished with his approval and he knew there was a change in the plan, and he also knew that the cellar needed to be drained and authorized the plaintiff to do the work and agreed to pay for it although he objected to the amount of the bill.

The plaintiff, subject to the defendant's exception, offered evidence of conversations with the architect showing a waiver by the architect of the conditions as to extra costs. The defendant however testified, "that whatever the architect had said or done he stood back of providing the changes would not cost him more money," and that "the architect

was supposed to supervise the building for me. He was to check it up. I employed him to represent me. I didn't have him as a foreman." We find no reversible error in the admission of the evidence. In *Bartlett* v. *Stanchfield,* 148 Mass. 394, 395, where the contract in writing provided, "that no charge shall be made for extra work or materials unless the same is ordered in writing and the price thereof is agreed upon," and the plaintiff brought suit to recover for extra work, it was said, referring to the parties, "In deciding whether they had waived the terms of the written contract, the jury had a right to assume that both parties remembered it, and knew its legal meaning. On that assumption, the question of waiver was a question what the plaintiff fairly might have understood to be the meaning of the defendant's conduct. If the plaintiff had a right to understand that the defendant expressed a consent to be liable, irrespective of the written contract, and furnished the work and materials on that understanding, the defendant is bound."

The trial judge in the case at bar found as a fact that the contract was substantially completed, and that the defendant, who knew of the extra work and assented to it, thereby waived the provisions of the contract requiring an order in writing if any changes were made. *Trevas & Shack, Inc.* v. *Napal Mills Co.* 241 Mass. 452, 456. The defendant's requests were rendered inapplicable because of the findings and they were denied rightly.

The second case is brought by Garabedian to recover damages for alleged breach of the contract by Vitti. It is alleged in the original declaration that Vitti negligently and wilfully failed to perform the contract and that the plaintiff has incurred large expense which will be increased if the building is completed in accordance with the agreement. The declaration as amended contained a count on an account annexed showing items of expenditure amounting to $2,168. The plaintiff's first, second and third requests, which were given, were in substance that he was entitled to recover the fair value of all work not done by the contractor in accordance with the contract and specifications, and to recover certain sums under article two of the contract, a copy of

which does not appear in the record, for delay in completion of the work, as well as the reasonable costs of finishing such part of the work called for under the contract and specifications as was not done in a good and workmanlike manner. But the fourth request that, "On all the evidence the plaintiff is entitled to recover for the items set forth in the plaintiff's declaration" was refused rightly. It was for the judge to determine on the evidence whether the items had been proved as alleged. While it was found that the plaintiff was entitled to recover $961.82 for incompleted work and for work not satisfactorily done, yet, the plaintiff having retained $1,000 of the contract price which was credited in the declaration, judgment was properly ordered for the defendant.

The result therefore is that in each case the order of the Appellate Division dismissing the report is,

*Affirmed.*