FALL RIVER OIL HEATING COMPANY, INC. *vs.* JAMES H. GILDARD.

Bristol. November 7, 1928. — January 4, 1929.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, Modification, Consideration.

At the trial of an action by the payee against the maker of two promissory notes, it appeared that they were delivered in connection with a contract in writing and not under seal for the installation of an oil heating system by the plaintiff in premises of the defendant, and that the original contract contained no agreement that the system should be satisfactory. It provided that, when the tank was installed, a note for part payment should be given, and that a note for the balance of the purchase price should be given when the work was completed. The first note was given before the tank was installed, and there was evidence which would sustain a finding that, in order to obtain that note at that time, the plaintiff agreed that the system should be satisfactory. There also was evidence that the system was defective and was not satisfactory. *Held*, that

(1) The contract could be modified after its execution by an oral agreement based upon consideration;

(2) The giving of the first note before the time called for by the original contract could be found to be a sufficient consideration for a modification adding an agreement that the system, or the work, should be satisfactory to the defendant;

(3) The questions, whether such agreement and modification were made and whether the work was satisfactory, were for the jury.

Evidence admitted without objection at a trial has such probative force as is permitted by the rules of substantive law.

CONTRACT by the payee against the maker of two negotiable promissory notes. Writ dated July 8, 1925.

In the Superior Court, the action was tried before *Walsh*, J. Material evidence is stated in the opinion. The contract in writing between the parties was not under seal. The jury found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*A. S. Phillips*, for the plaintiff.

*H. S. R. Buffinton & R. A. Bogle*, for the defendant.

WAIT, J. This is an action by the payee against the maker of two promissory notes, which were delivered in connection with a contract for the installation of an oil heating system by the plaintiff in premises of the defendant. The written contract contained no agreement that the system should be satisfactory. It provided that when the oil tank was installed a note for $500 should be given in part payment, and that a note for the balance due on the contract should be given when the work was completed. The note for $500 sued upon in the first count was delivered before the tank was installed, and there was evidence which would sustain a finding that, in order to obtain it at that time, the plaintiff agreed that the system should be satisfactory. The note declared upon in the second count was delivered when the work was finished. The defendant's answer set up that his signature was obtained through misrepresentations of the plaintiff; that there was no consideration for the notes; that the consideration had failed; that the notes were to be paid only if the defendant was satisfied with the contract; that he was not satisfied and so refused payment.

The jury found for the defendant. The plaintiff's only exceptions are to the refusal of the judge to direct a verdict for the plaintiff on both counts, and to so much of the charge as permitted the jury to find that there was a supplementary agreement which could defeat the action on the notes, and

instructed them that there was evidence of modification or addition to the contract based upon any question of the work being satisfactory to the plaintiff.

We find no merit in the exceptions. No objection was made to the introduction of the evidence we have summarized. It could be given such probative force as it possessed. *Gethins* v. *Breeyear*, 252 Mass. 326, 327. There can be no doubt that the written contract could be modified after its execution by oral agreement based upon consideration. *Cummings* v. *Arnold*, 3 Met. 486, 489. *Moskow* v. *Burke*, 255 Mass. 563.

The giving of the first note before the time called for by the original contract could be found to be a sufficient consideration for a modification adding an agreement that the system, or the work, should be satisfactory to the defendant and if not that he might refuse payment of the notes. Manifestly the questions, whether such agreement and modification were made and whether the work was satisfactory, were for the jury. The case does not turn upon the construction of the original contract and whether oral evidence could be admitted to affect that construction; nor, necessarily, upon whether the giving of the second note was such acceptance of performance that no defence to it was open. The rulings and instructions were proper, and the order must be

*Exceptions overruled.*