ELIZABETH BARTON *vs.* ARTHUR C. MORIN.

Berkshire.    September 20, 1932. — November 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Contract,* Building contract, Waiver of nonperformance.    *Waiver.*

The mere facts, that, during the progress of the construction of a house
   by a building contractor under a contract in writing with the owner,
   the owner and his agent inspected the work and that, when the house
   was ready for occupation, the owner moved into it and, after ten
   days' residence, paid the contractor the full balance claimed by him
   under his contract, exacting from him, however, a statement in writing
   that there still were certain things to be done to complete performance
   of the contract, did not preclude the owner as a matter of law from
   maintaining thereafter an action of contract against the contractor
   by reason of nonperformance of the contract with respect both to
   requisites specified in the receipt which still were not performed by
   the contractor and to other defects, including some which were ap-
   parent on inspection when the payment was made.
At the trial of such action it was proper for the judge to refuse to rule,
   "As a matter of law the plaintiff, by a payment of the contract price
   after the completion of work which he had personally inspected,
   must be deemed to have waived any obvious defects therein."
Neither use and occupation nor payment in whole or in part as matter
   of law constitutes a waiver of the right of an owner of land to obtain
   damages for failure of a building contractor to comply fully with the
   terms of a contract to build a structure upon the land: the question
   is one of fact, not of law.    Per WAIT, J.

CONTRACT.    Writ dated April 28, 1931.

In the Superior Court, the action was heard by *W. A.
Burns,* J., without a jury.    Material evidence and an ex-
ception by the defendant to the refusal of a request for a
ruling are described in the opinion.    The judge found for
the plaintiff in the sum of $450.    The defendant alleged
exceptions.

*W. J. Donovan,* for the defendant.

*H. L. Harrington,* for the plaintiff.

WAIT, J.    The plaintiff sues in contract for damages
arising out of the failure of the defendant to perform fully

his contract to build a house upon her land according to the terms and specifications of their written contract. The judge, who tried the case ·without a jury, found that in certain respects the contract had not been complied with and awarded damages to the plaintiff. There was evidence that, when the house was ready for occupation, the plaintiff moved into it, and, after ten days' residence, paid to the defendant the full balance claimed by him to be due under the contract. She and an agent for her had inspected the structure as the work progressed. At the time of final payment she insisted that the defendant sign the following statement written on the receipted bill: ''This house is complète with the exception of concrete wall to be finished outside as soon as weather permits; that all windows and doors shall be made to fit .right. And that all wood in house that is full of checks or cracks shall be replaced on or before May 30, 1930, and to take care of plaster on basement if it falls off.'' The defendant so signed on receiving the payment. Some of the defects for which claim in damages was made were then plainly to be seen. Others were not then apparent on inspection. There was dispute whether the defects noted in the memorandum on the bill had been made good before the trial.

The judge refused to grant the following request for ruling: ''As a matter of law the plaintiff, by a payment of the contract price after the completion of work which she had personally inspected, must be deemed to have waived any obvious defects therein.'' The defendant excepted, and by his bill of exceptions raises the single issue whether there was error in the refusal.

Whatever the rule may be with reference to a waiver by acceptance of articles of personal property manufactured for one under a contract, or by payment or part ·payment for them, which we need not discuss, we take the law in this Commonwealth to be clearly settled that neither use and occupation nor payment in whole or part as matter of law waives the right of the owner to obtain damages for failure to comply fully with the terms of a contract to build a structure upon that owner's land. *Buttrick Lum-*

*ber Co.* v. *Collins*, 202 Mass. 413, 419, 420. *Handy* v. *Bliss*, 204 Mass. 513, 521. *Gray* v. *James*, 128 Mass. 110; *S. C.* 126 Mass. 110. *Gillis* v. *Cobe*, 177 Mass. 584, 590. Compare *Glazer* v. *Schwartz*, 276 Mass. 54, where possession had been taken. They are significant events which taken with other circumstances may establish that the owner by his conduct has so placed the builder at a disadvantage that the former is estopped to maintain a claim for damages, or that the owner has waived his rights. The question is one of fact, not of law. See *Hayward* v. *Leonard*, 7 Pick. 180, 186, 187; *Buttrick Lumber Co.* v. *Collins*, 202 Mass. 413. In the case before us the writing placed upon the bill rightly may be considered persuasive evidence that the plaintiff was not admitting the house as it stood to be in full compliance with the contract, and that, if she was not waiving her objections to stated obvious defects, she was not intending, by her payment, to forego the right to object further, especially with regard to latent defects, and to claim damages for them if they developed. *Walsh* v. *Cornwell*, 272 Mass. 555.

*Moulton* v. *McOwen*, 103 Mass. 587, cited by the defendant as authority for his contention that the ruling requested should have been given, does not support him. The court, at page 598, stated that the defendant there, the builder, had no just ground of complaint to an instruction in substance that "the mere payment of the whole or part of the contract price would not amount to proof of a waiver of objections to the imperfection of the work, unless the circumstances under which such payment was made satisfied the jury that such a waiver was intended or ought to be inferred." Nor is he borne out by *Allen* v. *Mayers*, 184 Mass. 486. That decision recognizes that an owner who has taken possession and used the premises may have his action for defective work, even though he might not be permitted to defeat an action by the builder for the contract price, in reliance upon a claim that the work was not completed.

Our rule avoids depriving an owner of real property of the use of his property until all questions of exact com-

pliance with a building contract have been litigated or adjusted, and a builder of obtaining money due him when his work is substantially completed.

*Exceptions overruled.*