SAIA F. ZARTHAR *vs.* SIMON SALIBA.

SIMON SALIBA *vs.* SAIA F. ZARTHAR.

Suffolk.   January 9, 1933. — April 4, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Auditor: report.   *Contract,* Modification, Building contract, Performance and breach.   *Waiver.*

An auditor hearing an action should not incorporate in nor attach to his report requests by the parties for findings of fact.

A provision of a building contract in writing, that "no charge for extra work will be honored and paid unless the owner shall order same by a writing directed to the contractor stating the nature of the work to be performed and the sum to be paid therefor," can be waived orally by the parties, and, if waived, does not prevent oral agreements by them for extra work.

At the hearing together of an action by a contractor against a landowner with whom he had made a building contract in writing, and an action by the landowner against the contractor for defective work and failure to comply with the contract, it was found that the parties had modified the contract by an oral agreement that the landowner might order changes in the plans and specifications and that the contract price should be changed accordingly; and that the contractor was entitled to recover the contract price, plus compensation for extra work, less a deduction for work not performed.   *Held,* that

(1) The landowner was not entitled to damages for delay by the contractor in finishing the house, where it appeared that the delay was caused by changes in construction which the landowner ordered;

(2) In the action against the contractor, the landowner was not entitled to substantial damages for the contractor's failure to perform the contract as modified, because he had been fully compensated by the deduction made in the finding in favor of the contractor in the action against the landowner;

(3) The contractor not having fully performed the contract as modified, he was not entitled to recover upon a count in his declaration based upon the contract;

(4) The fact that the landowner took possession of the house did not affect any legal rights which he had by reason of the failure of the contractor to perform fully;

(5) A finding that the contractor had not intentionally departed from the contract as modified, so as to prevent him from recovering on a count upon an account annexed, was warranted, his failure to install certain sewer, gas and water connections being due to absence of such mains in the street; his failure to supply certain fixtures being occasioned by the failure of the landowner to specify their location, as required by the contract; certain other departures from the modi-

fied contract being unimportant, easily remedied and fully compensated for by a deduction from the amount due him; and his refusal to build certain steps being justified by the landowner's default in making certain payments when they became due.

The report of an auditor, to whom has been referred an action under a rule that his findings of fact shall be final, is the equivalent of a case stated and is governed by G. L. (Ter. Ed.) c. 231, § 126.

CROSS ACTIONS OF CONTRACT. Writs dated, respectively, September 2, 1930, and December 15, 1930.

In the declaration in the first action, the plaintiff alleged that the parties executed a contract in writing for the construction of a house by the defendant on the plaintiff's land; that the defendant's work was defective; and that the defendant failed to comply with the contract in numerous particulars. The plaintiff in the second action, by the first count of his amended declaration, sought to recover a balance alleged to be due him upon such contract, as modified orally by the parties. The second count was upon an account annexed for the same sum.

In the Superior Court, the actions were referred to an auditor for hearing together, his findings of fact to be final. Material findings by him are stated in the opinion. In each action, each party filed a motion for judgment in his favor. The actions then were heard by *Weed*, J., without a jury, by whom judgment was ordered entered for the defendant in the first action and judgment in the sum of $2,258.91 was ordered entered for the plaintiff in the second action. Zarthar alleged exceptions in each action.

*E. F. Shamon*, for Zarthar.

*F. T. Conley*, for Saliba.

LUMMUS, J. By a written contract dated August 16, 1929, Simon Saliba agreed to build a house for Saia F. Zarthar according to certain plans and specifications for $11,000. An auditor whose findings of fact are final found that "after the written contract had been executed the parties mutually orally agreed that the house should be constructed as Zarthar should direct, that in the absence of specific direction the plans and specifications should govern, that Saliba should be paid the reasonable and fair value of the labor and materials involved in any changes ordered by Zarthar, and that Zar-

thar should be given the benefit of any saving in expense occasioned by changes so ordered or rendered necessary by conditions." The auditor improperly burdened his report by attaching requests for findings of fact presented by the parties. Such requests have no importance after the report has been drafted, except possibly as the basis of a motion, addressed to the discretion of the judge, to recommit the report. They ought not to be incorporated in the report or attached to it. *Manfredi* v. *O'Brien, ante,* 458.

The provision of the written contract that "no charge for extra work will be honored and paid unless the owner shall order same by a writing directed to the contractor stating the nature of the work to be performed and the sum to be paid therefor" obviously could not prevent oral contracts for extra work, for the parties had power to waive or alter that provision orally at any time. *Vitti* v. *Garabedian,* 264 Mass. 1. *Lynch* v. *Culhane,* 241 Mass. 219, 221. *Fall River Oil Heating Co. Inc.* v. *Gildard,* 265 Mass. 513. *Hanson & Parker, Ltd.* v. *Wittenberg,* 205 Mass. 319, 326. *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 279.

On the theory that the written contract as orally modified governs the rights of the parties, the auditor found that Saliba is entitled to recover in his action of contract an amount composed of the contract price less a deduction for work included in the contract but not performed (*Walsh* v. *Cornwell,* 272 Mass. 555; *Glazer* v. *Schwartz,* 276 Mass. 54, 57), plus compensation for extra work. Although the written contract provided for the completion of the work on January 9, 1930, and the work was not finished until March 1, 1930, the auditor denied Zarthar damages for the delay, because it was occasioned by changes in construction which he ordered. In the suit against him, Zarthar received full credit for Saliba's failure to perform the contract as modified, and for that reason a finding for the defendant was rightly made in Zarthar's action against Saliba for breach of contract. *Learned* v. *Hamburger,* 245 Mass. 461, 473. Compare *Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 43. The judge ordered judgment in favor of Saliba in each case in accord-

ance with the auditor's report, and Zarthar alleged exceptions.

The trial judge ruled correctly that Saliba could not recover on his first count, which was based on the written contract as orally modified, for the reason that he had not fully performed it. *Allen* v. *Burns*, 201 Mass. 74. *Searls* v. *Loring*, 275 Mass. 403, 406, 407. The fact that Zarthar took possession on March 1, 1930, did not affect his legal rights resulting from the failure of Saliba fully to perform. *Barton* v. *Morin*, 281 Mass. 98. *Douglas* v. *Lowell*, 194 Mass. 268, 274, 275. Saliba was permitted to recover, however, upon the second count, which was on an account annexed for labor and materials.

Zarthar contends that Saliba was guilty of intentional failure to perform the contract as orally modified, and consequently cannot recover under the second count for substantial though inexact performance within the rule of *Hayward* v. *Leonard*, 7 Pick. 181, and the many decisions following that case. *Bowen* v. *Kimbell*, 203 Mass. 364. *Handy* v. *Bliss*, 204 Mass. 513. *Reynolds* v. *Cole*, 272 Mass. 282. *Walsh* v. *Cornwell*, 272 Mass. 555. *Hub Construction Co.* v. *Dudley Wood Works Co.* 274 Mass. 493. *Glazer* v. *Schwartz*, 276 Mass. 54. *Soares* v. *Weitzman*, 281 Mass. 409. Saliba's failure to connect the house with a sewer and with gas and water mains as the specifications required, was due to the absence of a sewer and such mains in the street. His failure to supply posts and hooks in the back yard for hanging clothes was due to the failure of Zarthar to designate their locations as the specifications provided. The substitution of wooden medicine closets for a special variety, the failure to provide exactly the plumbing fixtures specified, and the omission of a sill cock and underground garbage receivers, were matters comparatively unimportant, or easily remedied, for which a reduction in price was full compensation. Other omissions to comply with the written contract were the result of oral modifications of it, and are therefore immaterial. No failure to perform on the part of Saliba was so important as to prevent the contract from being "substantially" performed, or so

deliberate as to bar Saliba from all recovery because "intentional."

The nearest approach to intentional failure to perform related to the concrete front steps, which Saliba could not readily build during the cold weather, and did not build afterwards because he contended that Zarthar had failed to make payments when due. The auditor found that Zarthar was not in default, but that finding considered only the original contract price, whereas a considerable sum besides was due for extra work which was included in the contract as orally modified. The trial judge was right in drawing the inference from the auditor's report, which was equivalent to a case stated (G. L. [Ter. Ed.] c. 231, § 126; *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147; *Prendergast* v. *Sexton, ante*, 21), that Zarthar was in default when Saliba decided not to build the steps, and that Saliba's decision was thereby justified. *Bradley Lumber & Manuf. Co.* v. *Cutler*, 253 Mass. 37, 48. *Clark-Rice Corp.* v. *Waltham Bleachery & Dye Works*, 267 Mass. 402, 415. *Bucholz* v. *Green Bros. Co.* 272 Mass. 49.

*Exceptions overruled.*