*Southern Division*

### BARBARA GLYNN BARCLAY ET AL
### v.
### HINGHAM LAND COMPANY ET AL

### GERALD S. MALONEY d-b-a
### v.
### BARBARA G. BARCLAY

*Present:* NASH, P. J., WELCH AND CALLAN, JJ.

*Callan, J.* These two cases of contract and tort were tried together. In one the plaintiff, Barbara Glynn Barclay, seeks recovery for damages resulting from allegedly *defective construction of a dwelling,*

and her minor daughter, Sandra Barrington, seeks recovery for *illness allegedly contracted from a sewage disposal system,* claimed to have been *improperly constructed* and connected with the house. In a cross action, the plaintiff, Gerald S. Maloney, seeks to recover on an account annexed for labor and materials. The appeal concerns only the original action.

*The evidence tended to show that:*

The defendant, Hingham Land Company, hereinafter referred to as the Company, was the promoter of a housing development in Hingham. The work on some of the dwellings was done by the defendant Gerald S. Maloney, hereinafter called Maloney. On one of the lots cement had been poured for the construction of the cellar walls of a house to be erected. This lot was on the southwesterly side of the public way from which it sloped upwards to the cellar. Back of the cellar the ground was nearly level. Because the street sloped upwards towards the southeast, the northwest portion of the lot was higher than the street and the slope from the street to the cellar was higher and steeper than the southeast portion.

The plaintiff, Mrs. Barclay, and Maloney, had a discussion concerning the type of house she desired to have built. A sketch, scale drawing and master plan of the house were referred to in the discussion. As a result she executed, on January 31st 1949, a power of attorney in favor of Randall T. Cox, authorizing him to do any and all necessary things with respect to the lot in question, together with the house to be erected thereon. Pursuant to this Cox entered into a written agreement with the company for the purchase and sale of this lot and incorporated in the agreement were provisions for the completion of the house according to certain specifications therein enumerated which lacked detail.

The form of agreement used was a standard form for the purchase and sale of real estate. Certain parts

of the form are printed but the part relating to the construction of the house was typed. After the execution of this agreement Maloney proceeded to construct the house. He was an officer and director of the company and generally supervised the construction.

The house, when completed, was a single family ranch-type house facing the street, with a cellar under its entire length. The north-westerly portion of the cellar was closed off and formed the garage.

About one and one half years after Mrs. Barclay occupied the house, the plaintiff, Sandra Barrington, hereinafter referred to as Sandra, flushed the toilet and a filthy substance and material rose and overflowed its rim and also rose into the tub, hand basin and sink. As a result the house had to be vacated and cleaned. The sewage disposal system consisted of a drain pipe from the sink, wash basin, tub and toilet and led underground from the cellar to a septic tank which had leaching lines leading from it. Upon examination after excavation it was found that the joints of the leaching line pipes did not have tar paper over them as required by the Board of Health regulations and neither the drain pipe from the house to the tank nor the tank itself complied with the Board of Health regulations. Broken pipes were found on the further side of the tank which would render the leaching system unfunctional, these pipes being 18 inches below grade and the top of the septic tank to which these pipes were connected being 30 to 36 inches below grade. There was evidence by the defendant that the system was inspected by a Board of Health member before completion; that the plumbing fixtures were of standard installation with regards to height from the floor level.

Some of the sewage came in contact with Sandra. Sometime thereafter she came down with rheumatic fever. Medical experts differed as to whether her illness could result from cutaneous contact with its

germs. There was testimony that the particular bacillus causing the disease could not live in sewage. The septic tank upon inspection was found full. There was evidence that the leaching lines became clogged with mud and would not function properly. A new leaching system was installed at Mrs. Barclay's expense.

A retaining wall on the side of the driveway fell down and was rebuilt at Mrs. Barclay's expense. One reason given by the plaintiff was that there was no footing, that the stones were not cemented and that it was back-filled with clay without the benefit of a drain tunnel. Evidence for the defendant was that Mrs. Barclay insisted that the wall be built higher than it should have been and that a later installed rock garden near by added pressure to the wall. As the house progressed the floor plan was not specifically followed and there were at least 14 material variances from the master plan. The construction was in part according to the sketches. Without enumerating them there was evidence of 24 or 25 defects in the house itself.

Evidence by Maloney was to the effect that he built the house for the company and sold it to the company although there was no oral or written agreement.

The company and Maloney filed the following requests for rulings:

6. No evidence was presented by the plaintiffs to this court as to negligence by the defendants.

7. No evidence was presented by the plaintiffs to this court as to a nuisance.

8. No evidence was presented by the plaintiffs to this court as to latent and concealed defects nor was there any evidence of a fraudulent concealment by the defendants as to any concealed defects.

11. No evidence was presented by the plaintiffs to this court that the sewerage system as constructed by the defendant was inherently dangerous.

12. No evidence was presented by the plaintiffs to this court that the dwelling house, sewerage system, retaining wall and other appurtenances were constructed by improper and defective design, materials and workmanship by the defendants.

13. Under the terms of the contract in this action that "The acceptance of a deed and possession by the party of the second part shall be deemed to be full performance and discharge hereof", the liability of the defendant, Hingham Land Company, to the plaintiff, Barbara G. Barclay, came to an end upon the acceptance of the deed and occupancy of the premises by the plaintiff, Barbara G. Barclay.

14. No evidence of any of the facts alleged in the declaration upon which liability of the defendant Gerald S. Maloney could be predicated has been offered to this court.

The judge denied all of the requests as not applicable to the facts found by him. The judge made a detailed finding of facts and found that the sewage overflow resulted from defective construction in connection with the septic tank and leaching beds; that the plaintiffs had not established that Sandra's illness resulted from her contact with the sewage; that there was a non-trespassory nuisance committed; that the retaining wall was not properly built for the purpose intended; that the defects in the wall were latent and Mrs. Barclay, by accepting the house and paying for it did not waive any rights.

The judge found for Mrs. Barclay *in tort* for $200.00 and in addition $4,000.00 *in contract* against both the Company and Maloney, jointly.

The defendants, Maloney and the Company claiming to be aggrieved by the rulings of the court concerning the evidence offered at the trial and the denial of their requests and the finding for the plaintiff the case is referred to this court for determination.

The finding of facts made by the trial judge must stand unless they are plainly wrong. They appear to

be amply supported by the evidence. *Rosen v. Garston*, 319 Mass. 390; *Sanborn v. Brunette*, 315 Mass. 231.

■ The agreement that was signed between the company and Cox as agent contained a clause that "the acceptance of a deed and possession by the party of the second part shall be deemed to be a full performance and discharge hereof." It is contended by the defendants that because of the acceptance of a deed to the premises in question and the taking of possession by the plaintiff, Barclay, any liability of the defendant company came to an end. This is the conclusion asked for by the defendant in request for Ruling No. 13. Reading the agreement as a whole we are of the opinion that the clause would deprive the purchaser of any redress in title of the land only and would not terminate all obligations. *Bowditch v. E. T. Slattery Co.*, 263 Mass. 496, 500. The defendants were not prejudiced by the judge's action on Request No. 13 as he found that it was the intent of the parties that the quoted words were applicable to a condition resulting from the inability of the vendor to convey a good title and were not applicable to the typed portion of the contract obligating the vendor to construct a house on the land to be sold.

All other requests of the defendants relate to evidence presented. None were allowed because of the facts found. The finding of fact by the judge of negligence and nuisance are justified on the evidence. It was found that the defendant, Maloney, was acting for the defendant Company in carrying out its obligations under the contract to build the house. He was an officer and director of the company.

On the evidence pertaining to the detailed construction of the sewage line, septic tank and leaching beds it could have been found that the overflow of the toilet facilities resulted from defective and negligent construction of these parts of the sewage

system and as constructed was inherently dangerous to health. There was contradictory evidence as to the causal connection between the defective sewage system and the plaintiff's physical ailment. The judge was not satisfied that her illness resulted from her contact with sewage. The judge found that on the evidence a non-trespassory nuisance was committed.

There was an invasion of the plaintiff, Barclay's interest in the use and enjoyment of the house and land resulting from negligence of the defendants and for this the plaintiff, Barclay, is entitled to damages. The plaintiff, Barclay, being the owner was entitled to use and enjoy the property, free of any danger or risk of harm to her health which might result from a defective sewer line. It must be an unreasonable risk of harm resulting from negligence on the part of another. Restatement, Torts, §822.

The retaining wall was found by the judge to have been improperly and negligently built for the purpose intended. There was sufficient evidence to warrant this conclusion. The judge viewed the premises and heard expert testimony on the same. We cannot say that he was wrong. The defects were found to be latent. Mrs. Barclay, by accepting the premises did not waive them. *Zarther v. Saliba*, 282 Mass. 558.

It could have been found that the defendant, Maloney, did the actual work of building the house, sewer system and wall and that he and the corporation acted in a joint undertaking. *Berwin v. Cable*, 313 Mass. 434; *Mendelsohn v. Leather Mfg. Corp.*, 326 Mass. 226.

The defendants were not prejudiced by any action of the judge and accordingly the report is ordered dismissed. *So ordered.*

Randall T. Cox, for the defendant.

Ralph D. Weston and John P. Morgan, for the plaintiff.