MARTIN PELATOWSKI & another *vs.* KELSEY B. BLACK.

Suffolk.    November 14, 1912. — January 29, 1913.

Present: RUGG, C. J., LORING, BRALEY, & SHELDON, JJ.

*Damages,* In contract.  *Evidence,* Competency.  *Mechanic's Lien.*

Where, at the trial of an issue, submitted to a jury in a petition for the establish-
ment of a mechanic's lien for work done and materials furnished in the construc-
tion of a building under a contract in writing, as to what sums were due to the
petitioner after the giving to the respondent of such credits as he was entitled to,
the respondent introduces evidence tending to show that there were omissions
and defects in the performance of the contract of such a nature that they could
not reasonably be remedied so as to make the work correspond exactly to the con-
tract requirements, the petitioner is entitled to have the jury instructed that
there should be deducted from the contract price the amount by which the
value of the building as left by him fell short of what that value would have
been if the contract had been exactly performed.

At the trial of an issue submitted to a jury in a petition for the establishment of a
mechanic's lien for work done and materials furnished in the construction of a
building under a contract in writing, where the respondent contends that there
were omissions and defects in the performance of the contract of such a nature
that it might be found that they could not reasonably be remedied so as to
make the work correspond exactly to the contract requirements, the respon-
dent may ask an expert witness what in his opinion would be the fair cost of
remedying such conditions so that they would comply with the specifications,
such evidence being competent upon the issue, whether there had been a sub-
stantial performance of the contract.

PETITION, filed on June 14, 1909, to enforce a mechanic's lien.
The petitioners claimed a lien for work done under a contract for
the construction of a house for the respondent and for extra
work.   The contract price was $2,650 and the alleged value of the
extra work was $418.75.

In the Superior Court there was a trial before *Hitchcock,* J., of
a single issue, namely, "After subtracting all deductions and
payments which the respondent is entitled to have credited, if
any, how much money are the petitioners entitled to, if any, for
the labor furnished and materials furnished, and actually used
in the erection of the building on the premises described in the
petition."   The respondent introduced evidence tending to show
the omission of certain small items necessary to complete the con-

tract and also a non-compliance with the contract in failing to use good workmanship in a number of particulars. Subject to an exception by the petitioners, he was permitted to ask an expert witness, "What, in your opinion, would be the fair cost of remedying those conditions you found so that they would comply with the specifications?" The witness answered, "I went over the situation. In order to get the house according to the specifications and plans it would cost in the neighborhood — a close approximate — of around $300. That is a good close approximate estimate."

The respondent conceded that the petitioners had attempted in good faith to perform the contract.

The judge charged the jury in substance that the petitioners were "entitled to recover the contract price, together with the charges for the extras — whatever you should find that to be — less such an amount as you should find would be necessary to remedy any deficiencies in the performance of the contract."

At the conclusion of the charge, and before the jury were sent out, counsel for the petitioners said to the judge that under the charge given the jury would get the idea that even though the failure to perform the contract was in trivial respects, and the house was practically as good as if the contract had been performed the respondent would be entitled to a deduction of whatever it would cost to rip the work out and make it in accordance with the contract, and that the charge given would open the way for the $300 deduction mentioned; and asked the judge to instruct the jury that the respondent was entitled to a deduction of the difference between the value of the work as done and its value if done according to the contract. The judge refused to give such instruction or to modify the instructions given, and the petitioners excepted.

The petitioners also excepted to "that part of the charge which states in case of any failure to comply with the plans and specifications and the contract the respondent is entitled to a deduction of the amount that it would cost to remedy the matters not done in accordance with the contract, plans and specifications."

The answer of the jury to the issue submitted to them was "$150." The lien was established accordingly; and the petitioners alleged exceptions.

*H. T. Lummus,* for the petitioners.

*S. R. Cutler & H. W. James,* for the respondent, submitted a brief.

SHELDON, J. In this case no question now is made but that the petitioners substantially performed their contract in good faith; and it seems to have been agreed by both parties that if so, the amount due to them was the contract price, increased by what should be allowed for extra work and diminished by the deduction of the payments which they had received and of what should be allowed for certain defects in their performance. The judge ruled that the latter deduction should be of whatever amount the jury might find to be necessary to remedy any deficiencies in the performance of the contract, and refused to rule, as requested by the petitioners, that the deduction should be of the difference between the value of the work as done and its value if done according to the contract.

The respondent had put in evidence that there were some omissions and several defects in the construction of the house called for by the contract, some of which apparently were of such a character that they could not reasonably have been remedied so as to make the work correspond exactly to the specifications of the contract. If this were so, it is settled by our decisions that under the circumstances here presented the rule of damages contended for by the petitioners was the correct one, that is, as was stated in *Gleason* v. *Smith,* 9 Cush. 484, there should be deducted from the contract price the amount by which the value of the house as left by the petitioners fell short of what that value would have been if the contract had been exactly performed. *Moulton* v. *McOwen,* 103 Mass. 587, 598. *Cullen* v. *Sears,* 112 Mass. 299, 308. *White* v. *McLaren,* 151 Mass. 553, 557. *Norwood* v. *Lathrop,* 178 Mass. 208, 210. *Norcross Brothers Co.* v. *Vose,* 199 Mass. 81, 95, 96. *Bowen* v. *Kimbell,* 203 Mass. 364, 370. This, as applied to the case before us, is the rule laid down in *Gillis* v. *Cobe,* 177 Mass. 584, and *Eastern Expanded Metal Co.* v. *Webb Granite & Construction Co.* 195 Mass. 356, 362.

Exactly the same rule, as to this question, is to be applied to a petition for the enforcement of a mechanic's lien as to an action upon a *quantum meruit* by a builder against a landowner or by the latter against the former for damages by reason of defective con-

struction. See the cases collected by Braley, J., in *Burke* v. *Coyne,*
188 Mass. 401, 404.

This is not like the cases where a contractor has abandoned his
work while yet unfinished, or has left undone some details merely
which he ought to have supplied. In such cases the measure of
damages to be recovered or recouped well might be the reason-
able cost of completing the work. This distinction was pointed out
in *Gleason* v. *Smith,* 9 Cush. 484. See also *Veazie* v. *Hosmer,* 11
Gray, 396; *McCue* v. *Whitwell,* 156 Mass. 205, 208; *Olds* v.
*Mapes-Reeve Construction Co.* 177 Mass. 41, 43; *Hebb* v. *Welsh,*
185 Mass. 335; *Burke* v. *Coyne,* 188 Mass. 401, 404; and *John
Soley & Sons* v. *Jones,* 208 Mass. 561, 568.

The evidence of Carter as to the cost of remedying the defects
which he found in the petitioners' construction was not incom-
petent. It had a direct bearing upon the issue of substantial per-
formance by the plaintiff, which was then in dispute. See *Handy*
v. *Bliss,* 204 Mass. 513. But its admission made it the more
necessary to give to the jury the correct rule for the assessment
of damages.

We do not doubt that the contention made by the petitioner is
open upon these exceptions. *Brick* v. *Bosworth,* 162 Mass. 334.
*Robertson* v. *Boston & Northern Street Railway,* 190 Mass. 108.

The exceptions must be sustained; but the new trial should be
only upon the first issue and should be confined to the determina-
tion of the amount due to the petitioners. All other questions
have been properly passed upon. *Randall* v. *Peerless Motor Car
Co.* 212 Mass. 352, 391, 392.

*Exceptions sustained.*