## BARNEY GLAZER *vs.* SALLY SCHWARTZ.

Suffolk. January 13, 1931. — June 8, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, Performance and breach, Implied, Building contract. *Damages*, In contract.

A suit in equity by a contractor to enforce a mechanic's lien for labor and materials in constructing a dwelling house for the defendant under a contract in writing was referred to a master, who in substance found that the plaintiff deliberately omitted to furnish certain materials required by the contract and otherwise departed therefrom in sundry details, although he intended to perform and there was substantial performance; that the defendant had paid $13,000 of the contract price of $14,700; that the defendant should be allowed $200 for "omissions"; that the value of the house as it was left by the plaintiff was $500 less than it would have been if the plaintiff had performed the contract exactly; and that the plaintiff should recover a certain sum. The defendant sought affirmative relief in his answer. A judge of the Superior Court sustained exceptions by the defendant to the findings that there was intent to perform by the plaintiff and substantial performance, and to the finding in the plaintiff's favor; and by his order there was entered a final decree dismissing the bill and denying the defendant affirmative relief since the sums found by the master to be due the defendant were less than the unpaid balance of the contract price. On appeals by both parties, it was *held*, that

(1) On all the findings by the master, it was proper for the judge of the Superior Court to decide that the plaintiff's departures from the contract were wilful and to sustain the defendant's exceptions;

(2) The plaintiff was not entitled to maintain the suit either on the contract or on a *quantum meruit*; and the bill properly was dismissed;

(3) The plaintiff having departed from the contract wilfully, the rule of damages applied by the judge was erroneous: the defendant was entitled to recover from the plaintiff the reasonable cost of making the building conform to the contract without respect to the amount unpaid on the contract price;

(4) The portion of the final decree denying the defendant affirmative relief was reversed, and the suit was remanded to the Superior Court to assess the defendant's damages in the sum of $200, found by the master to be due for "omissions," plus such sum as would be the reasonable cost of making the building conform to the contract.

BILL IN EQUITY, filed in the Superior Court on October 18, 1928, to enforce an alleged mechanic's lien.

The suit was referred to a master. The bill, answer and material findings by the master are described in the opinion. By order of *Whiting*, J., there were entered an interlocutory decree sustaining certain of the defendant's exceptions, and a final decree dismissing the bill and "cross-bill." ·

Both parties appealed from both decrees.

The case was argued at the bar in January, 1931, before *Rugg*, C.J., *Crosby*, *Pierce*, *Carroll*, & *Sanderson*, JJ., and afterwards was submitted on briefs to all the Justices.

*S. B. Stein*, for the plaintiff.

*J. T. Pugh*, for the defendant.

CARROLL, J. This is a suit in equity to enforce a mechanic's lien under G. L. c. 254, for labor and material furnished under a written contract in the construction of a dwelling house and garage. The suit is based on the contract. The defendant in her answer denied performance of the contract and sought affirmative relief for the damages sustained. The case was heard by a master. In the Superior Court an interlocutory decree was entered confirming the master's report "except the finding . . . that 'There was a good intention to perform the contract and a substantial performance of it', and the finding in favor of the plaintiff." A final decree was entered dismissing the plaintiff's bill and denying relief to the defendant. Both parties appealed from the interlocutory and final decrees.

The contract price was $14,700, of which $13,000 has been paid. The work was to be done to the satisfaction of the defendant. The master found that the plaintiff failed to comply with the specifications in not supplying weather strips on the cellar door and cellar and attic windows, a screen door for the cellar, leaders to enter into dry wells, in setting the garage too low, in improper grading, in the

use of hardware not according to specifications, by supplying doors of material different from the contract, and in other details. Three weeks before the contract was completed the defendant occupied the house. A short time thereafter a large crack appeared in the living room ceiling. The master found this was a serious defect that could have been prevented by good workmanship; that, although the ceiling was resurfaced, the crack may appear and the ceiling may have to be done over. The most serious departure from the contract was the plaintiff's failure to supply a Cabot quilt. This quilt, a specially prepared heavy paper filled with dry eel grass, was to be put on underneath the outside finish of the house for the purpose of insulation. According to the specifications the Cabot insulated quilt, single ply, over tar paper, was to cover all outside walls. The plaintiff found some difficulty in handling the Cabot quilt and after covering a little more than half the house with it, in substitution, he applied two layers of tar paper. The master found that, although the plans and specifications were not complied with, the plaintiff intended to perform; that there was a substantial performance of the contract, and the defendant, as a reasonable person, should be satisfied. It appears from the report that the default of the plaintiff in failing to supply the Cabot quilt was voluntary and he is not excused from this default because of his inexperience.

From the subsidiary findings of the master the judge was right in deciding that the plaintiff intentionally failed to comply with the contract, that his default was wilful. *Arcisz* v. *Pietrowski,* 268 Mass. 140, 146. *Robert* v. *Perron,* 269 Mass. 537, 540–541. The plaintiff's bill is based on the contract alone and not on a *quantum meruit.* To recover on a contract there must be complete performance. The proof must establish performance of the contract. To recover on the contract it is not enough to show that the plaintiff acted in good faith and substantially performed the agreement. *Allen* v. *Burns,* 201 Mass. 74. *Bowen* v. *Kimbell,* 203 Mass. 364, 370, 371. *Cutter* v. *Arlington Construction Co.* 268 Mass. 88, 92.

Assuming that the plaintiff should be allowed to amend

so that the pleadings and proof may correspond, see *Bucholz* v. *Green Brothers Co.* 272 Mass. 49, 54–55, we consider what his rights would be under the *quantum meruit.*

One who in good faith substantially performs his contract may recover on a *quantum meruit, Cutter* v. *Arlington Construction Co.* 268 Mass. 88; *Reynolds* v. *Cole,* 272 Mass. 282, the sum recovered being the contract price, less "the amount by which the value of the house as left by the . . . [builder] fell short of what that value would have been if the contract had been exactly performed." *Pelatowski* v. *Black,* 213 Mass. 428, 430.  *Moulton* v. *McOwen,* 103 Mass. 587.  *Walsh* v. *Cornwell,* 272 Mass. 555, 563.  See *Handy* v. *Bliss,* 204 Mass. 513, 519.  What amounts to substantial performance of a building contract is to be determined in reference to the entire contract and what has been done and omitted to be done under it, *Bowen* v. *Kimbell,* 203 Mass. 364, and to recover under a *quantum meruit* the owner must obtain substantially what was called for by the contract. *Lynch* v. *Culhane,* 237 Mass. 172.  But where the default is wilful there can be no recovery either on the contract or on a *quantum meruit.*  *Bowen* v. *Kimbell,* 203 Mass. 364, 371.  *Mark* v. *Stuart-Howland Co.* 226 Mass. 35, 43.  *Lynch* v. *Culhane,* 237 Mass. 172.  *Smedley* v. *Walden,* 246 Mass. 393, 400.  *Divito* v. *Uto,* 253 Mass. 239, 243.  *Cobb* v. *Library Bureau,* 268 Mass. 311, 316. *Hub Construction Co.* v. *Dudley Wood Works Co.* 274 Mass. 493.

The plaintiff intentionally failed to fulfill the contract by breach of its substantial stipulations, especially in failing to furnish the Cabot quilt, *Divito* v. *Uto,* 253 Mass. 239; *Cobb* v. *Library Bureau,* 268 Mass. 311, and in matters which could not be overlooked as trivial, *Mark* v. *Stuart-Howland Co.* 226 Mass. 35; *Lynch* v. *Culhane,* 237 Mass. 172.  The plaintiff, therefore, cannot enforce his lien either upon the contract or upon a *quantum meruit.*  *Burke* v. *Coyne,* 188 Mass. 401, 404.  *Pelatowski* v. *Black,* 213 Mass. 428.

The defendant's answer in the nature of a cross bill seeks affirmative relief for damages.  We assume in favor of the

defendant that in a proceeding under G. L. c. 254 to enforce a mechanic's lien, she may obtain a decree for damages although the plaintiff cannot recover. The plaintiff does not argue that there is no jurisdiction in this proceeding in equity to grant affirmative relief to the defendant. As stated in *Martin* v. *Murphy*, 216 Mass. 466, at pages 468–469: "If equity acquires jurisdiction for one purpose, it will to avoid multiplicity of suits settle all matters within the pleadings connected with the principal controversy."

It was found by the master that the defendant's damages were the amount by which the building, as left by the plaintiff, fell short of what the value would have been if the contract had been exactly performed. The master estimated this amount at $500. He also allowed the defendant $200 for certain materials which the plaintiff failed to supply. The contract price was $14,700 of which $13,000 had been paid, leaving a balance of $1,700, and as the value of the house as it was left by the plaintiff, including omitted material, fell short by $700 of what that value would have been if the contract had been complied with, the defendant was not awarded affirmative relief.

The defendant contends that she is entitled to affirmative relief, that as the plaintiff intentionally failed to comply with the contract he cannot recover, that she is entitled to recover the reasonable cost of completing the building in accordance with the contract.

The master found that the loss to the defendant for the "omissions" in the contract was $200; that she was entitled to $500 for the failure of the plaintiff to conform to the contract and that this loss was to be ascertained by deducting from the contract price the amount by which the value of the building fell short of what it would have been if the contract had been exactly performed. The trial judge followed the same rule as the master in determining the amount of damage to the defendant, and decided that, as the damage to the defendant was less than the unpaid balance of the contract price, no recovery could be had on the defendant's answer in the nature of a cross bill.

Because of the plaintiff's intentional default in failing to build the house as required by the specifications the defendant is entitled to affirmative relief, and the amount of her damage is to be based on the cost of making the structure conform in a reasonable way to the contract.

The principle applicable where the builder acts in good faith and substantially performs the agreement, see *Pelatowski* v. *Black*, 213 Mass. 428, 430; *Dahlstrom Metallic Door Co.* v. *Evatt Construction Co.* 256 Mass. 404, 416; *Walsh* v. *Cornwell*, 272 Mass. 555, is not the governing rule when the builder wilfully defaults and intentionally builds a structure not as he agreed to build it and not as the owner was entitled to have. The defendant in such a case can recover from him the reasonable cost of making the structure comply with the specifications unless precluded by the conduct of the defendant which would render such recovery inequitable. *C. W. Hunt Co.* v. *Boston Elevated Railway*, 199 Mass. 220, 239. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 25. *Stevens* v. *William S. Howe Co.* 275 Mass. 398. *Pence* v. *Dennie*, 41 Cal. App. 428. *Morgan* v. *Gamble*, 230 Penn. St. 165. *Jacobs & Young, Inc.* v. *Kent*, 230 N. Y. 239. *Turner* v. *Henning*, 262 Fed. Rep. 637. *Kiel* v. *Kline*, 15 Ky. Law Rep. 158. *H. Dakin & Co. Ltd.* v. *Lee*, [1916] 1 K. B. 566, 579. See *Gascoigne* v. *Cary Brick Co.* 217 Mass. 302.

The defendant agrees that the amount necessary to reimburse her for the "omissions" has already been determined to be $200. The plaintiff should be ordered to pay her this sum. In addition, she contends that she should be awarded damages for the sum it will reasonably cost to make the main stairway and the entrance porch correspond to the agreement and to supply the Cabot quilt. In our opinion the plaintiff should be directed to pay the defendant these amounts without deducting therefrom the alleged balance claimed by the plaintiff to be due him.

It follows that the fourth and fifteenth objections of the defendant to the master's report are to be allowed and the interlocutory decree is to be modified by allowing these objections, and as so modified it is affirmed.

The part of the final decree dismissing the plaintiff's bill is affirmed. The portion of the decree dismissing the defendant's answer in the nature of a cross bill was error; this portion of the decree is reversed. The defendant is entitled to recover from the plaintiff the sum of $200 and the reasonable cost of furnishing the Cabot quilt, as well as the reasonable cost of making the main stairway and entrance porch correspond to the specifications. The case is to be remanded to the Superior Court to assess the damages as stated in this opinion, with costs to the defendant.

*Ordered accordingly.*