SAMUEL FICARA *vs.* ERNEST BELLEAU & another.

Essex.    December 7, 1953. — January 27, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Damages*, For breach of contract.    *Contract*, Building contract.

In an action against a contractor for breach of a contract in writing to
install a heating and cooling system for the plaintiff for a specified
price, where it appeared that the defendant intentionally and wilfully
abandoned the contract after payment to him of a portion of the
price, the plaintiff was entitled to recover as damages an amount
which he reasonably paid to another contractor to complete the in-
stallation in accordance with the contract, less the portion of the
contract price not paid to the defendant.

CONTRACT.    Writ in the Superior Court dated September
10, 1949.

The action was heard by *Morton*, J., upon an auditor's
report.

*Edward M. Dangel*, (*Leo E. Sherry & William F. Regan*
with him,) for the plaintiff.

*Richard L. Sisk*, for the defendants.

WILKINS, J.    By a contract in writing the defendants
agreed to install a heating and cooling system for the
plaintiff.    An auditor, whose findings of facts were to be
final, found that the contract price was $6,200; that the
defendants intentionally and wilfully abandoned the con-
tract after the plaintiff had paid them $4,200; that the
plaintiff reasonably paid $2,361 to another contractor to
perform the balance of the work; and that the plaintiff
was entitled to recover $2,361.    A judge of the Superior
Court ordered judgment for the plaintiff in the sum of
$361, and the plaintiff appealed.

It was the duty of the judge, and is now our duty, to
enter the correct judgment on the auditor's report.    *Union
Old Lowell National Bank* v. *Paine*, 318 Mass. 313, 315.

By the stringent rule of *Sipley* v. *Stickney,* 190 Mass. 43, any wilful default in the performance of a contract bars recovery. *Walsh* v. *Atlantic Research Associates, Inc.* 321 Mass. 57, 62. *Grills* v. *Miller,* 322 Mass. 21, 26. *Chaplain* v. *Dugas,* 323 Mass. 91, 93. *Morgan-National Woodworking Co. Inc.* v. *Cline,* 324 Mass. 15, 17. Thus, the defendants were barred in their cross action for breach of contract which was tried with the case at bar.

The plaintiff seeks to extend this doctrine in such a way as to collect exemplary damages and to obtain a $6,200 heating and cooling system for $4,200. It will be noted that the same rule of law, if sound and accepted as the court's idea of justice, would apply if the contract price had been $62,000 and the reasonable cost of completion had been $62,361.

Restatement: Contracts, § 346, states the rule to be: "(1) For a breach by one who has contracted to construct a specified product, the other party can get judgment for compensatory damages for all unavoidable harm that the builder had reason to foresee when the contract was made, less such part of the contract price as has not been paid and is not still payable, determined as follows: (a) For defective or unfinished construction he can get judgment for . . . (i) the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste . . . ." See illustrations of subsection (1) 1, 4, and 5; McCormick on Damages, § 169.

We think that this is the proper rule to apply here. The plaintiff relies upon *Glazer* v. *Schwartz,* 276 Mass. 54, where a builder of a house for the contract price of $14,700 wilfully defaulted after receiving $13,000. The value of the house as left by the builder fell short by only $700 of what its value would have been if the contract had been fully performed. The builder brought a bill in equity against the owner to establish a mechanic's lien and was denied relief. The owner sought affirmative relief for damages. "The

trial judge . . . decided that, as the damage to the defendant was less than the unpaid balance of the contract price, no recovery could be had on the defendant's answer in the nature of a cross bill" (page 58). In reversing the ruling on relief to the owner, it was said, at page 59, "Because of the plaintiff's intentional default in failing to build the house as required by the specifications the defendant is entitled to affirmative relief, and the amount of her damage is to be based on the cost of making the structure conform in a reasonable way to the contract." In so far as the *Glazer* case is an authority against the ruling of the trial judge in the case at bar, we do not follow it. Professor Williston has described the *Glazer* case as a harsh application of a severe doctrine. Williston on Contracts (Rev. ed.) § 842, note 4. We mention two cases not cited to us. In *Pelatowski* v. *Black,* 213 Mass. 428, 431, the court distinguished "cases where a contractor has abandoned his work while yet unfinished, or has left undone some details merely which he ought to have supplied," where, it was said, "the measure of damages to be recovered or recouped well might be the reasonable cost of completing the work." This statement as to a possible measure of damages was quoted in *Walsh* v. *Cornwell,* 272 Mass. 555, 564. In neither case was the statement necessary to the decision.

It is not the policy of our law to award damages which would put a plaintiff in a better position than if the defendant had carried out his contract. *Magnolia Metal Co.* v. *Gale,* 189 Mass. 124, 132–133. *Snelling* v. *Dine,* 270 Mass. 501, 506. *Bucholz* v. *Green Bros. Co.* 272 Mass. 49, 54. *Associated Perfumers, Inc.* v. *Andelman,* 316 Mass. 176, 185–186. "The fundamental principle upon which the rule of damages is based is compensation. . . . Compensation is the value of the performance of the contract, that is, what the plaintiff would have made had the contract been performed." *F. A. Bartlett Tree Expert Co.* v. *Hartney,* 308 Mass. 407, 412. There is nothing to the contrary in *Stevens* v. *William S. Howe Co.* 275 Mass. 398, 402–403.

The plaintiff is entitled to be made whole and no more.

This is true in an action against a defendant for breach of contract, albeit a wilful one, even though the same defendant in suing as a plaintiff on the same contract might be barred by the rule of *Sipley* v. *Stickney*.

*Order for judgment affirmed.*