**UNITED AIR LINES, INC., Appellant,**

v.

**Janice WIENER, as Executrix of the Estate of Norton Wiener, Deceased, and Related Cases, Appellees.**

**No. 16860.**

United States Court of Appeals Ninth Circuit.

Jan. 16, 1961.

Rehearing Denied Feb. 15, 1961.

---

6. Richard II, Act I, Scene 1.

Chase, Rotchford, Downen & Drukker, Los Angeles, Cal., for UAL, Inc., appellant.

Margolis & McTernan, Los Angeles, Cal., Frank B. Belcher, Leo J. Biegenzahn, Belcher, Henzie & Fargo, James A. Withers, Harold R. Spence and August F. Mack, Jr., Richard L. Oliver, Oliver, Good & Sloan, Samuel A. Miller, Norman Pittluck, Los Angeles, Cal., Jack Dunaway, Hollywood, Cal., Francis J. Garvey, Covina, Cal., John H. Poole, Barrick, Poole & Olsen, Pasadena, Cal., John C. Gregory and Richard McLeod, William F. Clements, Collins & Clements, Los Angeles, Cal., Stanley Zipser, Pastor & Zipser, Beverly Hills, Cal. (Victor A. Gormam, Johnson & Ladenberger, Los Angeles, Cal., of counsel), for appellee.

Before HAMLIN and JERTBERG, Circuit Judges, and WALSH, District Judge.

HAMLIN, Circuit Judge.

On April 21, 1958, near Las Vegas, Nevada, there was a mid-air collision between an airplane owned and operated by the United States of America and a passenger plane owned and operated by United Air Lines, herein referred to as United. All persons in each airplane were killed in the collision. Twenty-three actions for damages against United and the United States were filed in the United States District Court for the Southern District of California, Central Division, by the heirs or personal representatives of the persons killed in the collision.

After the twenty-three cases were at issue, the United States made a motion in the district court asking that all cases be consolidated on the issue of liability only. At a hearing upon this motion United indicated that it did not object to consolidation on the issue of liability, as long as this consolidation did not mean that the issue of damages would be tried before a different jury in the event that United was found to be liable. An order was submitted by the United States providing for the consolidation, but this proposed order was silent concerning whether the same jury would determine the issue of damages if that issue should be reached. United then filed its own motion, asking that in the event the cases were consolidated for any purpose they be consolidated for trial on all issues before the same jury. After a further hearing the district court signed an order which provided *inter alia* as follows:

(1) That all of the above-entitled cases be consolidated on the issue of liability only, * * *

(2) That all of the above-entitled cases, so consolidated, shall be jointly tried in a separate trial as to liability only, and

(3) That the question of damages, if any, as to the plaintiffs in each of the above-entitled cases shall be tried separately, by separate juries where demanded, unless waived, unless one or more of said plaintiffs consent to a consolidation for trial on that issue, * * *.

Included in the court's order was the following statement:

" * * * the court is of the opinion that this Order involves a controlling question of law, as defined in 28 U.S.C.A. [§] 1292(b), as to which there is a substantial ground for differences of opinion, and that an immediate appeal from this order may materially advance the ultimate termination of the litigation."

After obtaining permission to do so, United timely appealed to this court from the above order.

Jurisdiction in the district court against United is based upon diversity of citizenship, 28 U.S.C.A. § 1332, and against the United States of America upon the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). Jurisdiction in this court is based upon 28 U.S.C.A. § 1292 (b).

The appellees contend that the order of the district court is proper under rule 42(b) of the Fed.Rules Civ.Proc., 28 U.S.C.A. which reads as follows:

"(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

The appellant points out that there are no express words in this rule permitting separate trials before separate juries on separate issues, and asserts that the procedure the rule contemplates is the completion of the trial upon a particular issue prior to the trial of another issue by the same trier of fact. It then contends that if the rule is given the interpretation advocated by the appellees, it is violative of the Seventh Amendment to the Constitution of the United States.[1] Appellant contends that the right to a trial by jury as guaranteed by the Seventh Amendment has been held to mean "the right to trial by jury as it existed by common law at the time of the adoption of the Seventh Amendment" and cites Dimick v. Schiedt, 1935, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, as authority for its position. It asserts that the procedure of having trials of separate issues in the same case by separate juries was not known to the common law.

We have been cited no case by either appellant or appellees which either approves or disapproves the exact procedure provided for in the order of the district court. Each party refers to Gasoline Products Co., Inc. v. Champlin Refining Co., 1931, 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188, contending that either the language or the holding of that case lends support to his contention. In that case, after a trial in the district court of a contract action, the Court of Appeals for the First Circuit, 39 F.2d 521, reversed the judgment because of errors in the charge of the trial court with respect to the measure of damages on the counterclaim. But in reversing, the court restricted the new trial to the determination of damages only. The Supreme Court granted certiorari to review the single question of whether the court of appeals erred in thus limiting the new trial. The Court discussed the provisions of the Seventh Amendment and stated:

1. "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

"It is true that at common law there was no practice of setting aside a verdict in part. If the verdict was erroneous with respect to any issue, a new trial was directed as to all." [2]

After discussing modification of this rule in certain states, the Court said:

"Lord Mansfield, in applying the common law rule where the verdict, correct as to one issue, was erroneous as to another, said: ' * * * for form's sake, we must set aside the whole verdict. * * *' Edie v. East India Co., 1 W.Bl. 295, 298. But we are not now concerned with the form of the ancient rule. It is the Constitution which we are to interpret; and the Constitution is concerned, not with form, but with substance. All of vital significance in trial by jury is that issues of fact be submitted for determination with such instructions and guidance by the court as will afford opportunity for that consideration by the jury which was secured by the rules governing trials at common law. See Herron v. Southern Pacific Co., [283 U.S.] 91 [51 S.Ct. 383, 75 L.Ed. 857]. April 13, 1931. Beyond this, the Seventh Amendment does not exact the retention of old forms of procedure. See Walker v. [New Mexico] Southern Pacific R. Co., 165 U.S. 593, 596 [17 S.Ct. 421, 41 L.Ed. 837]. It does not prohibit the introduction of new methods for ascertaining what facts are in issue, see Ex parte Peterson, 253 U.S. 300, 309 [40 S. Ct. 543, 64 L.Ed. 919], or require that an issue once correctly determined, in accordance with the constitutional command, be tried a second time, even though justice demands that another distinct issue, because erroneously determined, must again be passed on by a jury." [3]
* * *

"Here we hold that where the requirement of a jury trial has been satisfied by verdict according to law upon one issue of fact, that requirement does not compel a new trial of that issue even though another and separable issue must be tried again." [4]

The Court, however, then went on to consider the facts of the particular case, and stated:

"But the question remains whether the issue of damages is so distinct and independent of the others, arising on the counterclaim, that it can be separately tried. The verdict on the counterclaim may be taken to have established the existence of a contract and its breach. Nevertheless, upon the new trial, the jury cannot fix the amount of damages unless also advised of the terms of the contract; and the dates of formation and breach may be material, since it will be open to petitioner to insist upon the duty of respondent to minimize the damages." [5]

* * * * *

"Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice. Here the question of damages on the counterclaim is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial. There should be a new trial of all the issues raised by the counterclaim." [Citations omitted.] [6]

A consideration of the issues in the instant cases reveals a similar situation. An examination of the claims made

2. 283 U.S. at page 497, 51 S.Ct. at page 514.

3. 283 U.S. at page 498, 51 S.Ct. at page 514.

4. Id. at page 499, 51 S.Ct. at page 515.

5. Ibid.

6. Id. at page 500, 51 S.Ct. at page 515.

in each of the twenty-three complaints shows the following facts. Each complaint alleges that both United and the United States of America were negligent. In five of the cases United is charged with recklessness in addition to the usual charge of negligence and carelessness. In three of the cases the plaintiffs demand exemplary damages. In eight of the cases sections of the Nevada Revised Statutes that provide for exemplary damages are set out in the complaints. All of the other cases refer to one or the other of the Nevada statutes which have the exemplary damage provisions. In each of the answers filed by United the ownership and operation of the plane and the collision and the death of the decedent in question is admitted. In all except one it was admitted that the decedent was a passenger for hire. All denied the allegations of negligence, carelessness, recklessness, wantonness, or willfulness.[7]

It is apparent that where parties are asking for exemplary damages which depend upon the degree of culpability of the defendant, they are required to establish by their evidence their contentions as to the degree of negligence. Likewise, the defendant is entitled to show all of the facts surrounding the collision in order to establish, if he can, first, that there was no negligence and second, that even if there was negligence there was no willfulness or wantonness or extreme recklessness.

We do not say that in no circumstances can a separate jury determine the issue of damages after another jury has determined the issue of liability, for we do not reach that question in this case. As was said in a recent case from the Seventh Circuit, "Whether a party is deprived of a jury trial as contemplated by the Seventh Amendment when some of the issues are submitted to one jury and other issues to a second jury, is a more difficult question to re-

solve." Hosie v. Chicago & Northwestern Ry., 7 Cir., 1960, 282 F.2d 639, 642. We do hold that under the circumstances presented by this appeal the issues of liability and damages, exemplary or normal, are not so distinct and separable that a separate trial of the damage issues may be had without injustice. The question of damages is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty which would amount to a denial of a fair trial. Gasoline Products Co., Inc. v. Champlin Refining Co., supra.

The order of the district court is reversed.

---

7. In one action where there is a mere allegation of negligence counsel apparently believes that exemplary damages may be recovered because they are demanded in the prayer without any allegation as to United's conduct other than negligence and carelessness.