Alexis P. KISTENEFF,
Plaintiff-Appellant,

v.

Raymond TIERNAN,
Defendant-Appellee.

No. 75–1004.

United States Court of Appeals,
First Circuit.

Argued April 8, 1975.

Decided April 23, 1975.

Deming E. Sherman, Providence, R. I., with whom Edwards & Angell, Providence, R. I., was on brief, for appellant.

Ralph J. Gonnella, Providence, R. I., with whom Hodosh, Spinella, Hodosh & Angelone, Providence, R. I., was on brief, for appellee.

Before COFFIN, Chief Judge, McEN-TEE and CAMPBELL, Circuit Judges.

PER CURIAM.

This is a diversity action arising out of an alleged assault and battery by appellee upon appellant. A jury was selected on November 11, 1974, and on November 18 appellant began putting on his case. Appellant testified as to the altercation with appellee and also described the damages which he sustained. The trial continued on Tuesday, November 19, and at that time appellant informed the court that his medical expert, Dr. Silver, would not be available to testify until Friday. The court expressed concern that this would mean that the doctor could not be heard until the next Tuesday, November 26, due to other commitments of the trial judge. The defense began its case after the appellant rested, subject to later production of the medical expert. Before defendant testified or called his witnesses, however, the judge ordered that the issues of liability and damages be tried separately pursuant to Fed.R.Civ.P. 42(b). After the defendant presented his case and the jury was instructed on the issue of liability,* a jury verdict was returned for defendant-appellee.

---

* The court in its charge noted that if liability were found, the jury would return at a later date to consider damages, but that if the jury found for defendant, that would be the end of the case. This instruction is mildly troubling to the extent that it could be understood to

Appellant argues that the district court's decision to order a split trial constitutes reversible error. It would be such, however, only if there were an abuse of discretion. 9 C. Wright & A. Miller, Federal Practice and Procedure § 2388; 5 Moore's Federal Practice ¶ 42.-03. Rule 42 sanctions separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," and here the judge acted only after it became apparent that otherwise there would be a five-day delay between the end of the evidence on liability and the jury's consideration of the issue. The court was justifiably concerned that such a delay might impair the quality of the jury's deliberations.

Separation of the issues of liability and damages is an obvious use for Rule 42, since logically liability must be established before the amount of damages can be determined. Wright & Miller § 2390. Appellant argues that in this case separation was prejudicial because his doctor's testimony "would be probative on the issue of the severity of the blow received" in the fight. Even if this proffered evidence be assumed relevant on the liability issue, it would be barely so. Appellant's theory was not that appellee responded to a minor provocation with excessive force, but rather that appellee was an aggressor who struck the first blows. Moreover, appellant could have attempted to establish the severity of the blow without waiting for Dr. Silver to be available. Indeed, before bifurcating the trial the court made every effort to accommodate appellant's desire to send both the issues of liability and damages to the jury at the same time. The record indicates that had appellant been prepared to proceed with his proof on damages at any time prior to the conclusion of both parties' evidence on liability the court would have permitted him to do so. Although Dr. Silver, the treating physician, would have clearly

been best able to testify on the issue of damages, another medical expert could have been called upon to describe the injury and its likely cause. Appellee offered to allow appellant to introduce his hospital record and medical bills, but appellant decided not to do so. Appellant cites United Air Lines, Inc. v. Wiener, 286 F.2d 302 (9th Cir.), cert. denied, 366 U.S. 924, 81 S.Ct. 1352, 6 L.Ed.2d 384 (1961), in support of his claim of prejudice, but fails to note that in *Wiener* the liability and damages issues were heard by different juries, a practice not utilized or even contemplated here.

We cannot regard as significant the fact that the decision to split the trial was not made before any testimony was presented. Appellant could not have been prejudiced by the fact that in his case in chief he presented evidence on the issue of damages, and appellee's case was limited to the question of liability.

Affirmed.

imply an "easy way out" of further work. Perhaps a simple instruction that only liability was before the jury would have been prefera-

ble. But counsel explicitly stated that he had no objection to the charge.