**FRANCHI CONSTRUCTION CO., INC.,**
Plaintiff, Appellee,

v.

**COMBINED INSURANCE COMPANY
OF AMERICA, Defendant, Appellant.**

No. 77–1242.

United States Court of Appeals,
First Circuit.

Argued Nov. 11, 1978.

Decided May 30, 1978.

James D. St. Clair, Boston, Mass., with whom John G. Fabiano and Hale & Dorr, Boston, Mass., were on brief, for defendant, appellant.

James R. DeGiacomo, Boston, Mass., with whom Judith K. Wyman, Loring A. Cook, III, and Roche, Carens & DeGiacomo, Boston, Mass., were on brief, for plaintiff, appellee.

Before CAMPBELL, Circuit Judge, BOWNES, Circuit Judge, GORDON,* District Judge.

MYRON L. GORDON, District Judge.

This action was commenced in superior court, Middlesex County, Massachusetts, by the plaintiff-appellee Franchi Construction Company, Inc. (Franchi). The defendant-appellant Combined Insurance Company of America (Combined) removed the action to the United States district court for the district of Massachusetts, pursuant to 28 U.S.C. § 1441, claiming diversity of citizenship as the jurisdictional basis. 28 U.S.C. § 1332. The action arose out of a contract entered into on June 3, 1969, between Franchi, the general contractor, and Combined, the owner, for the construction of an office and commercial building known as Hearthstone Plaza in Brookline, Massachusetts. Construction of the building continued from 1969 until this action was commenced in February, 1972. Of a total adjusted contract price in excess of $5,000,000, Combined withheld from Franchi the sum of $277,973.87 as retainage for assertedly incomplete or defective work.

Count I of Franchi's declaration sought damages on a contract theory in connection with the construction of the building; count II sought damages on a theory of quantum meruit; and count III claimed damages for construction delays allegedly caused by Combined. Combined filed an answer and a counterclaim, the latter claiming, inter alia, damages for construction delays allegedly caused by Franchi. In a supplemental pretrial order filed October 21, 1975, both parties waived their claims for damages purportedly occasioned by construction

* Of the Eastern District of Wisconsin, sitting by designation.

delays. This removed count III of Franchi's declaration and count I of Combined's counterclaim from contention in the lawsuit.

A 13-day trial commenced on June 4, 1976. At the close of the evidence, the trial court ordered the plaintiff to make an election between counts I and II of the declaration. Franchi elected to proceed on count II, in quantum meruit. The case was submitted to the jury in the form of 31 special interrogatories, 14 of which had already been answered by the trial judge. After responding to the interrogatories, the jury was discharged. Thereafter, in a memorandum dated August 23, 1976, the district judge determined that he had ruled erroneously at trial on the measure of the plaintiff's damages, and in order to rectify this error he directed that the trial "resume" for the purpose of taking additional testimony.

The "resumed" trial was held before a different jury on January 18, 1977. This second jury answered a set of three special interrogatories. Thereafter the trial judge issued a "memorandum on the calculation of damages and order for judgment" dated March 29, 1977, in which he utilized the findings of both the first and second juries as well as certain stipulations of the parties in arriving at the plaintiff's damages. Judgment was entered for Franchi, in accordance with the March 29, 1977, memorandum, in the amount of $248,972.36, plus interest and costs. Combined has appealed.

Combined urges on this appeal that the trial court erred (1) in denying its motion for the entry of judgment in the amount awarded to Franchi by the first jury; (2) in ordering a resumed trial before the second jury; (3) in denying its motion for a new trial; and (4) in "performing a recalculation of damages . . . purportedly based on the findings of the first and second juries." These four contentions present common questions about Massachusetts law on the measure of damages in quantum meruit and about the separation of issues for trial before different juries. Additionally, Combined asserts error in the trial court's determinations (5) refusing to grant its motion

for a directed verdict at the close of Franchi's opening statement; (6) ruling that Franchi had no obligation to paint the garage ceilings in the Hearthstone Plaza; (7) permitting the jury to determine the amount by which the punch-list items were overvalued; (8) excluding Combined's exhibit 2A for identification; and (9) precluding Combined from presenting evidence on spalling concrete at the resumed trial.

For the reasons appearing below, we conclude that the judgment of the district court should be reversed, and the case should be remanded for a new trial. In view of this determination, we do not reach issues (6) through (9), relating to alleged errors in the course of the first and second trials.

## I. BACKGROUND

The case was submitted to the first jury on a series of special interrogatories, certain of which had previously been answered by the trial judge. The first interrogatory asked the jury to determine whether Franchi "substantially perform[ed] the contract with the intention in good faith to do all that it agreed to do." Having responded "Yes" to that question, the jury proceeded to answer those of the remaining 30 questions to which answers had not been supplied by the district judge. Each of these questions required a determination of the amount owing to Franchi for a particular item of work. Based on all of the answers, the total sum found due to Franchi was $149,309.50.

However, judgment was not entered in that amount. Instead, in the August 23, 1976, memorandum, the trial judge indicated that he had ruled incorrectly on the measure of Franchi's damages on a quantum meruit theory of recovery and had failed "to put the evidence of the thirty disputed items in the proper context." Discarding an earlier ruling made by him at trial that "the plaintiff could only recover the amount which the jury awarded since there was no other evidence of fair value of the work," the trial judge held the correct measure of damages in quantum meruit under Massachusetts law to be as follows:

"The plaintiff is to recover the value of the work to the defendant, but the mode of arriving at that value is to *start with the contract price,* and deduct from it the cost of completing the work according to specifications, and where that can not be done, by deducting 'so much from the contract price as the work was worth less to the owner.'" (emphasis in original)

The trial judge found that awarding Franchi the sum of the answers to the special interrogatories "may result in a possible windfall to the defendant." Conversely, awarding Franchi the amount it claimed "would leave the defendant to bear alone the burden of the Court's error" since, in the trial court's view, the defendant relied on the original ruling and failed to present certain evidence at trial. Inasmuch as the jury had returned answers to special interrogatories instead of to a general verdict, the court determined that the trial should be "resumed" for receipt of evidence on " . . . the defendant's allegations of other defective and deficient work, defendant's allegations of defective and deficient work that can not be corrected, and the allegations of both parties as to the diminution in fair value to the defendant of the work as a result of defective or deficient work which can not be corrected."

The resumed trial was conducted before a new jury on January 18, 1977. That second jury heard testimony on three additional items of work and returned answers to additional special interrogatories totaling $2,588.01. In contrast to the first set of special interrogatories in which the first jury was directed to determine the amounts owed to Franchi for work performed on specific items, the second set of three special interrogatories directed the second jury to determine the amounts which Combined could deduct from the contract price for specific items deleted from the contract or unsatisfactorily performed by Franchi.

On March 29, 1977, the trial judge issued the "memorandum on the calculation of damages and order for judgment," which incorporated answers to both sets of special interrogatories and certain stipulations by the parties to arrive at the amount of the plaintiff's damages.

The following were stipulated by the parties and included in the trial court's memorandum:

| | |
|---|---:|
| Base contract price | $4,809,833.00 |
| Extra work requested by Combined ........+ | 332,127.00 |
| | 5,141,960.00 |
| Credits (value of work deleted from contract by Combined) ......................— | 47,498.21 |
| | 5,094,461.79 |
| Payments to Franchi for work performed ...........................— | 4,816,487.92 |
| Balance of contract price not paid to Franchi/retained by Combined ............ | $ 277,973.87 |

To the above contract balance, the court added the value of all the change estimates, or orders for extra work, found by the first jury, totaling $9,048.50. From that new amount, the court subtracted the sums which it found that Combined was entitled to deduct for defective or incomplete work. The special interrogatories to the first jury directed it to determine the amounts owed to Franchi for work performed on particular items, rather than the amounts which Combined was entitled to withhold for defective or deficient work on those items. In order to determine the amount Combined was entitled to deduct, the trial court subtracted the amount owed Franchi for each item of work, as indicated in the first set of interrogatories, from the total amount withheld by Combined for that item. No similar calculation was performed as to the second set of special interrogatories, because they were framed in terms of amounts to which Combined was entitled.

The court found that Combined was entitled to deduct the sum of $38,050.01, including $2,588.01 from the second set of special interrogatories, $30,462.00 based on the first set of special interrogatories, and $5,000.00 as the value of fuel oil which belonged to Combined and was used by Franchi. These calculations are summarized below:

| | |
|---|---|
| Balance of contract price not paid to Franchi/retained by Combined | $277,973.87 |
| Extra work orders | + 9,048.50 |
| | 287,022.37 |
| Deductions | 38,010.01 |
| Balance owed to Franchi | $248,972.36 |

Judgment was entered for Franchi for the latter amount.

## II.  AMOUNT AWARDED BY FIRST JURY

We first consider Combined's contention that the trial judge erred in refusing to enter judgment in the amount of the first jury's award. After the close of the evidence, during a conference with counsel for the parties, the trial judge said to Franchi's counsel, "[y]ou get what the jury says you get in answer to these questions, and that is it." In the course of his instructions to the jury, the trial judge indicated that "the answers [to the special interrogatories] that you [the jury] return will lead inevitably to the direction of a verdict which will be in accordance with these answers."

Combined claims that the trial court should have entered judgment, as it said it would, for Franchi in the sum of the answers to the first set of special interrogatories. In addition, Combined argues that Franchi's proof at trial may not be harmonized with the Massachusetts quantum meruit rule. Quoting *Pelatowski v. Black*, 213 Mass. 428, 430, 100 N.E. 831, 832 (1913), Combined suggests that under the appropriate rule, damages are computed by "deduct[ing] from the contract price the amount by which the value of the [building] . . . fell short of what that value would have been if the contract had been exactly performed." Combined claims that since Franchi chose to forego its opportunity to present evidence of the value of Hearthstone Plaza in an incomplete, and completed state, and instead presented evidence of the fair value of the work performed on isolated portions of the entire construction project, Franchi's damages should be limited, in accordance with its proof, to the sum of the answers to the first set of special interrogatories.

■ Combined's contentions require an examination of the Massachusetts quantum meruit rule. With regard to liability, Massachusetts law provides that substantial good faith performance of the contract in question is a prerequisite to recovery in quantum meruit. *Glazer v. Schwartz*, 276 Mass. 54, 176 N.E. 613 (1931). The first jury found substantial good faith performance on Franchi's part, and that finding is not challenged on appeal.

■ With regard to the measure of damages, it appears that Combined's view of Massachusetts law, set forth above, states only part of the appropriate rule. Damages in quantum meruit could be computed in this case by subtracting from the contract price the difference between the value of Hearthstone Plaza, as left by Franchi, and its value had the contract been completely performed, *only* if it were shown that the defects and deficiencies in the building "could not reasonably have been remedied so as to make the work correspond exactly to the specifications of the contract." *Pelatowski v. Black, supra.* Neither party has suggested that the necessary showing of irremediable defects was made in this case.

Massachusetts cases also hold that when the defects and deficiencies are remediable, the measure of damages in quantum meruit is the contract price less "such an amount as would be required to be paid to complete the work according to the contract, . . ." *Gleason v. Smith*, 9 Cush. (63 Mass.) 484, p. 486, 57 Am.Dec. 62, or "the reasonable cost of completing the work, . . ." *Pelatowski v. Black, supra.* This formulation has been criticized in circumstances not directly relevant to those present here. *Louise Caroline Nursing Home, Inc. v. Dix Construction Corp.*, 362 Mass. 306, 285 N.E.2d 904 (1972); *Ficara v. Belleau*, 331 Mass. 80, 117 N.E.2d 287 (1954).

The first trial did not, in any event, proceed in accordance with either of these alternative methods of determining damages in quantum meruit. The first set of special interrogatories directed the jury to ascertain sums to be awarded to Franchi, instead of either (1) Combined's cost to

complete the unfinished work in accordance with the contract, or (2) the value of the building in an incomplete, and completed, condition.

■ We cannot concur in Combined's view that judgment should have been entered in the sum of the answers of the first jury to the first set of special interrogatories. Statements by the trial judge suggesting that Franchi would recover only the amount awarded by the first jury do not justify the entry of judgment in that amount when it is clear that the interrogatories were not framed consistent with the applicable law on damages. The answers merely set forth the fair value of the work Franchi performed on some parts of the Hearthstone Plaza project. The sum of those answers is the fair value of the work performed on all of those parts, an amount which does not compensate Franchi as the Massachusetts quantum meruit rule directs.

Accordingly, we conclude that the trial court did not err in denying Combined's motion for the entry of judgment in the amount awarded to Franchi by the first jury.

## III. RECALCULATION OF DAMAGES

■ Combined contends that the trial judge erred in performing the calculation of damages set forth in the memorandum dated March 29, 1977. The trial court's calculation assertedly "preserved the figure" which the first jury awarded "but discarded the jury's reasoning and deliberation." Characterizing the calculation as a "perversion" of the first jury's determination, Combined also claims that the arguments of counsel, the jury instructions, and the jury's answers would have been different had the case proceeded instead on the theory set forth in the trial court's memoranda.

As we have already noted, the first set of special interrogatories asked the first jury to determine amounts owed to Franchi as the fair value of the work it performed on isolated parts of the construction project. Conversely, the second set of special interrogatories directed the jury to decide what sums Combined was entitled to deduct from the contract price for other isolated parts of the project. In the March 29, 1977, memorandum, the trial judge endeavored to reconcile the answers to the first set of special interrogatories with the correct rule on damages. He subtracted the amount found by the first jury to be owing Franchi for its work on each specific item in the project from the sum retained by Combined for each such item. The resulting sum purported to represent Combined's cost to remedy defective or incomplete work which, when subtracted from an adjusted contract balance, supposedly yielded Franchi's recovery as prescribed by the Massachusetts quantum meruit rule.

This approach encounters some fatal difficulties. First, the difference between the fair value of Franchi's work on an item and the amount retained by Combined for that item does not necessarily approximate Combined's cost to have the work on that item completed, and this latter sum is an indispensable part of the quantum meruit formula. We do not believe that reworking the first jury's responses results in a probable equivalent for this necessary component for determining damages. This is also true because the arguments, instructions and special interrogatories to the first jury were based on a premise entirely different from the one which the trial judge subsequently sought to superimpose on the answers rendered by that jury. Second, as is discussed in the following section, the recalculation of damages is based on the findings of two juries, neither of which heard a properly segmented portion of the issues presented in the action. We accordingly conclude that the trial court's March 29, 1977, memorandum on the calculation of damages and the judgment entered thereon should not stand.

## IV. THE RESUMED TRIAL

Combined contends that the district court erred in ordering a resumed trial before a second jury.

As already noted, the second or resumed trial was ordered by the district judge when

he determined that his ruling on the measure of the plaintiff's damages had been erroneous. The resumed trial was ordered on "all of the remaining issues" (none of the issues resolved by the answers to the first special interrogatories could be retried), including any allegations by Combined of defective or deficient work, and any allegations by both parties as to the diminution of the building's fair value by merit of uncorrectable defective work.

The second jury heard testimony on three additional items and determined in response to three special interrogatories that Combined should be permitted to deduct a total of $2,588.01 from the contract price for these items. This sum was incorporated into the March 29, 1977, damages memorandum.

Combined asserts that the ordering of a resumed trial contravened both the provisions of Rule 42(b), Federal Rules of Civil Procedure, and the Seventh Amendment to the United States Constitution. Combined claims that the resumed trial was not conducive to convenience, expedition, and economy as required by Rule 42(b), and moreover that such trial was prejudicial to its interests. In addition, Combined suggests that most orders for separate trials of issues are entered prior to trial. In any event, Combined charges that this separation may not be permitted because the issues presented at the second trial were not distinct from those at the first trial.

Rule 42(b), Federal Rules of Civil Procedure, provides as follows:

"Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaims, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States."

We have previously ruled that an order for the separation of trials will be overturned only on a showing of an abuse of discretion by the district court. *Kisteneff v. Tiernan*, 514 F.2d 896, 897 (1st Cir. 1975); *Warner v. Rossignol*, 513 F.2d 678, 684 (1st Cir. 1975). We have also indicated that "the procedure selected [by the trial court] should be 'conducive to expedition and economy.'" (citation omitted). *Warner v. Rossignol, supra.*

With respect to the constitutional standard, the United States Supreme Court has held that issues may not be separated for the purpose of a new trial unless "it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." (citations omitted). *Gasoline Products Co. v. Champlin Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931). The *Gasoline Products* standard has been held applicable to a consideration of the separation of issues for trial in the first instance before separate juries. *United Airlines v. Wiener*, 286 F.2d 302, 306 (9th Cir. 1961), *cert. denied*, 366 U.S. 924, 81 S.Ct. 1352, 6 L.Ed.2d 384; *State of Alabama v. Blue Bird Body Co., Inc.*, 71 F.R.D. 606, 614–15 (M.D.Ala. 1976).

Here the district judge's decision to order a resumed trial evinced a commendable concern for expedition and judicial economy. In the August 23, 1976, memorandum, he stated,

"[t]he problem is to salvage a case that has gotten seriously off track without putting the parties to the expense of a new trial.

"[t]he solution lies in the fact that there has been no general verdict returned. The trial can therefore be viewed as a partial trial of only those issues which were the subject of the special interrogatories. We may now proceed to a trial of the remaining issues."

While the concerns advanced by the trial judge are undoubtedly important, they should not control the decision to conduct separate trials before different juries if the issues to be so tried are not separate and distinct.

■ While we have in the past approved separate trials of liability and damages issues, *Kisteneff v. Tiernan, supra,* under some circumstances even these issues may be interwoven to the point that separate trials should not be held. *Richardson v. Communications Workers of America,* 530 F.2d 126, 130 (8th Cir. 1976), *cert. denied,* 429 U.S. 824, 97 S.Ct. 77, 50 L.Ed.2d 86. Here the issues of liability and certain damages were resolved by the first jury and "remaining" items of damages were resolved by the second jury. Franchi characterizes "[e]ach backcharge, credit or extra claim [as] a separate case within itself." In our opinion, the action may not be splintered in that fashion. In order to render informed findings as to each item in dispute, the triers of fact would have to hear testimony about all of the parties' dealings under contract. The testimony about individual items of work was not distinct and separable from but rather was interwoven with the damages questions raised and resolved at the first trial. The trial court's emphasis on the possible economic benefit to be realized in conducting a resumed trial must yield to the injustice resulting here in trying interconnected damages issues separately to different juries. We accordingly find that the district court abused its discretion in ordering the resumed trial before a second jury.

## V. DENIAL OF DIRECTED VERDICT AT END OF FRANCHI'S OPENING STATEMENT

Combined claims that the district court erred in declining to direct a verdict on the quantum meruit count of the declaration following Franchi's opening statement. According to Combined, Franchi's opening dealt only with the contract claim and made no mention of damages sought on a quantum meruit theory.

■ While the district court has the power to direct a verdict following the plaintiff's opening statement, to warrant the exercise of that power "it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists." (cita-

tions omitted). *Best v. District of Columbia,* 291 U.S. 411, 415–6, 54 S.Ct. 487, 489, 78 L.Ed. 882 (1934); accord *Oliver v. Southern Railway Co.,* 154 U.S.App.D.C. 311, 475 F.2d 895, 897–8 (1972); *School Committee of Boston v. Reilly,* 362 Mass. 334, 285 N.E.2d 795 (1972).

■ In his opening statement, Franchi's counsel discussed the contract price and the various claimed additions thereto and subtractions therefrom for extra and deleted work. He also dealt with the specific items alleged by Combined to have been defectively or incompletely performed, for which money was retained from the contract price. In this regard, counsel stated more than once Franchi's position that the work was properly completed, thus entitling it to the entire amount of the retainage. When these statements are accorded all the favorable inferences which they deserve, *Best v. District of Columbia, supra,* they cannot be deemed inconsistent with Franchi's claim at trial to the fair value of the work it performed. Therefore, the district court did not err in refusing to grant Combined's motion for a directed verdict at the close of Franchi's opening statement.

## VI. CONCLUSION

Having determined that the trial court erred in ordering a resumed trial and in recalculating Franchi's damages based on the findings of two juries, we conclude that the judgment should be reversed and the action remanded for a new trial.

*Vacated and Remanded.*

LEVIN H. CAMPBELL, Circuit Judge (concurring).

Although initially less convinced than my colleagues, I reluctantly concur in the court's persuasive opinion that this case cannot be salvaged. I do want to emphasize my impression, however, that the fault in this enormously expensive waste of time and trouble lies by no means entirely at the door of the district judge, who commendably sought to seize hold of some means to retrieve a trial gone astray, but also lies

with the failure of counsel to research and present the controlling local law accurately and adequately. The result of this sad foray is thousands of dollars of expense to the taxpayers and the parties—a sorry comment on the ability of our legal system to resolve what is at bottom an ordinary accounting dispute.