March 14, 1994 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 94-1175

IN RE: UNITED CHAIR,

Petitioner.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

Before

Breyer, Chief Judge,

Torruella and Boudin, Circuit Judges.

Maria Soledad Ramirez-Becerra and Mercado & Soto on Petition

for Writ of Mandamus and Addendum to Petition for Writ of
Mandamus.

Per Curiam. Petitioner seeks a writ of mandamus

directing the district court to set aside its order, pursuant

to Fed. R. Civ. P. 42(b), separating the trial of the claims

brought by plaintiffs against petitioner from the third party

claims brought by petitioner for contribution and indemnity.

To be entitled to the writ, a petitioner must, inter

alia, "ordinarily demonstrate that something about the order,

or its circumstances would make an end-of-case appeal

ineffectual or leave legitimate interests unduly at risk."

In re Pearson, 990 F.2d 653, 656 (1st Cir. 1993) (quoting In

re Recticel Foam Corp., 859 F.2d 1000, 1005-06 (1st Cir.

1988)). Petitioner has failed to show make such a showing.

The order for separate trials, rather than ending

petitioner's right to pursue its claims against the third

party defendants, establishes petitioner's right to a

separate trial and judgment. See 6 C. Wright, A. Miller & M.

Kane, Federal Practice and Procedure 1463, at 473 (1990).

Furthermore, unless a lesser judgment is certified by the

court, there will be no final judgment until all the issues

in the whole case have been determined. Fed. R. Civ. P.

54(b). In either case, upon entry of final judgment,

petitioner has the right to appeal the grant of separate

trials and to secure a new trial should the separation prove

to have been an abuse of discretion. See, e.g., Franchi

-2-

Constr. Co. v. Combined Ins. Co., 580 F.2d 1, 6-8 (1st Cir.

1978) (ordering new trial upon finding that grant of separate

trial was abuse of discretion). The fact that a separate

trial will entail delay in any possible recovery against the

third party defendants and more burdensome litigation for

petitioner is insufficient, by itself, to justify the remedy

of mandamus. See In re Pearson, 990 F.2d at 661.

Petitioner's request for a writ of mandamus is denied.1

1. For similar reasons, we decline to consider petitioner's
challenge to the separation order under the "collateral
order" doctrine. See In re Harrington, 992 F.2d 3, 6 (1st

Cir. 1993) (collateral order doctrine cannot be invoked
unless challenged ruling would result in irreparable harm
incapable of vindication on appeal).

-3-