USCA1 Opinion

 

 March 14, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1175 IN RE: UNITED CHAIR, Petitioner. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Boudin, Circuit Judges. ______________ ___________________ Maria Soledad Ramirez-Becerra and Mercado & Soto on Petition _____________________________ ______________ for Writ of Mandamus and Addendum to Petition for Writ of Mandamus. __________________ __________________ Per Curiam. Petitioner seeks a writ of mandamus ___________ directing the district court to set aside its order, pursuant to Fed. R. Civ. P. 42(b), separating the trial of the claims brought by plaintiffs against petitioner from the third party claims brought by petitioner for contribution and indemnity. To be entitled to the writ, a petitioner must, inter _____ alia, "ordinarily demonstrate that something about the order, ____ or its circumstances would make an end-of-case appeal ineffectual or leave legitimate interests unduly at risk." In re Pearson, 990 F.2d 653, 656 (1st Cir. 1993) (quoting In _____________ __ re Recticel Foam Corp., 859 F.2d 1000, 1005-06 (1st Cir. _______________________ 1988)). Petitioner has failed to show make such a showing. The order for separate trials, rather than ending petitioner's right to pursue its claims against the third party defendants, establishes petitioner's right to a separate trial and judgment. See 6 C. Wright, A. Miller & M. ___ Kane, Federal Practice and Procedure 1463, at 473 (1990). _______________________________ Furthermore, unless a lesser judgment is certified by the court, there will be no final judgment until all the issues in the whole case have been determined. Fed. R. Civ. P. 54(b). In either case, upon entry of final judgment, petitioner has the right to appeal the grant of separate trials and to secure a new trial should the separation prove to have been an abuse of discretion. See, e.g., Franchi ___ ___ _______ -2- Constr. Co. v. Combined Ins. Co., 580 F.2d 1, 6-8 (1st Cir. ___________ ________________ 1978) (ordering new trial upon finding that grant of separate trial was abuse of discretion). The fact that a separate trial will entail delay in any possible recovery against the third party defendants and more burdensome litigation for petitioner is insufficient, by itself, to justify the remedy of mandamus. See In re Pearson, 990 F.2d at 661. ___ _____________ Petitioner's request for a writ of mandamus is denied.1 ______ ____________________ 1. For similar reasons, we decline to consider petitioner's challenge to the separation order under the "collateral order" doctrine. See In re Harrington, 992 F.2d 3, 6 (1st ___ ________________ Cir. 1993) (collateral order doctrine cannot be invoked unless challenged ruling would result in irreparable harm incapable of vindication on appeal). -3-