862 F.2d 870
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glen D. SMITH; John L. Bugglen; Melvin M. Baker; Pauline
Baker; Luther Fuller; Virginia Fuller; Phil P.
Jurkiewicz; Delores Jurkiewicz,
Plaintiff- Appellant,
and
Vera B. Henson, as surviving spouse of Wilbert R. Henson;
Vera B. Henson; Audrey C. Smith; Edward V. August; Marie
E. August; Stephen Havlicek; Mary E. Havlicek; Joseph M.
Petrulionis, Jr.; Wilbur O. Quinter; Kenneth L. Thompson,
appointed administrator of estate of Wilbert R. Henson;
Trece P. Bugglen, Plaintiff,
v.
CELOTEX CORPORATION; Corhart Refractories; Eagle-Picher
Industries, Inc.; General Refractories Company; A.P. Green
Refractories Company; Harbison Walker Refractories Division
of Dresser Industries; International Vermiculite Company;
Keene Corporation; Nicolet Industries; Owens-Illinois,
Inc.; Pittsburgh Corning Corporation; Quigley Company,
Inc., a subsidiary of Pfizer, Inc.; Raymark Industries,
Inc., formerly known as Raybestos-Manhattan, Inc.; Anchor
Packing Company, Defendant-Appellee,
and
BETHLEHEM STEEL CORPORATION; A C and S, Inc., formerly
known as Armstrong Contracting and Supply Company; Babcock
& Wilcox Co; BMI, Inc.; Fibreboard Corporation;
Forty-Eight Insulations, Inc.; GAF Corporation; Garlock,
Inc.; International Minerals and Chemical Corporation;
Kaiser Aluminum and Chemical Corporation; Owens-Corning
Fiberglass Corporation; H.K. Porter Company, Inc.;
Southern Textile Corporation, formerly known as Southern
Asbestos Corporation; Eltra Corporation, successor to North
American Refractories Company; Pittsburgh Metals Purifying
Company; Exomet, Inc.; Insolite Refractories Company;
Union Carbide Corporation; Universal Refractories
Corporation; J. Howard Franz, M.D.; Leopoldo Salazar,
M.D.; Richard J. Phillips, M.D.; Amchem Products, Inc.;
Armstrong World Industries, Inc.; Armstrong Cork Company, Defendant,
v.
TURNER & NEWALL PLC, Third Party Defendant.
Glen D. SMITH; John L. Bugglen; Trece P. Bugglen; Melvin
M. Baker; Pauline Baker; Luther Fuller;
Virginia Fuller; Phil P. Jurkiewicz;
Delores Jurkiewicz, Plaintiff-Appellant,
and
Vera B. Henson, as surviving spouse of Wilbert R. Henson;
Vera B. Henson; Audrey C. Smith; Edward V. August; Marie
E. August; Stephen Havlicek; Mary E. Havlicek; Joseph M.
Petrulionis, Jr.; Wilbur O. Quinter; Kenneth L. Thompson,
appointed administrator of estate of Wilbert R. Henson, Plaintiff,
v.
FIBREBOARD CORPORATION, Defendant-Appellee,
and
BETHLEHEM STEEL CORPORATION; A C and S, Inc., formerly
known as Armstrong Contracting and Supply Company; Babcock
& Wilcox Co.; BMI, Inc.; Celotex Corporation; Corhart
Refractories; Eagle-Picher Industries, Inc.; Forty- Eight
Insulations, Inc.; GAF Corporation; Garlock, Inc.;
General Refractories Company; A.P. Green Refractories
Company; Harbison Walker Refractories Division of Dresser
Industries; International Minerals and Chemical
Corporation; International Vermiculite Company; Kaiser
Aluminum and Chemical Corporation; Keene Corporation;
Nicolet Industries; Owens-Corning Fiberglass Corporation;
Owens-Illinois, Inc., Pittsburgh Corning Corporation; H.K.
Porter Company, Inc.; Quigley Company, Inc., a subsidiary
of Pfizer, Inc.; Raymark Industries, Inc., formerly known
as Raybestos-Manhattan, Inc.; Southern Textile Corporation,
formerly known as Southern Asbestos Corporation; Eltra
Corporation, successor to North American Refractories
Company; Pittsburgh Metals Purifying Company; Exomet,
Inc.; Insolite Refractories Company; Union Carbide
Corporation; Universal Refractories Corporation; J. Howard
Franz, M.D.; Leopoldo Salazar, M.D.; Richard J. Phillips,
M.D.; Amchem Products, Inc.; Armstrong World Industries,
Inc.; Armstrong Cork Company; Anchor Packing Company, Defendant,
v.
TURNER & NEWALL PLC, Third Party Defendant.
 Nos. 86-3663(L), 86-3664.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 4, 1988.
Decided: Nov. 23, 1988.
 
 Robert Bruce McElhone (Peter G. Angelos, Thomas V. Friedman, on brief), for appellants.
 Edward Francis Houff (Joyce N. Fitch, Whiteford, Taylor & Preston, on brief), for appellees.
 CHAPMAN, Circuit Judge:
 
 
 1
 This appeal arises from the trial of an asbestosis case and presents three issues: whether the trial judge abused his discretion in bifurcating the trial; whether the trial judge erred in directing a verdict against appellant Smith on his claim against A.P. Green Refractories Co.; and whether the trial judge was correct in awarding attorney's fees to Fibreboard Corporation. We find that the trial judge acted within its discretion in bifurcating the trial and in the award of attorney's fees, and that there was no error in granting the directed verdict, so we affirm.
 
 I.
 
 2
 Plaintiffs Melvin M. and Pauline Baker, John L. and Trece P. Bugglen, Luther and Virginia Fuller, Delores Jurkiewicz, and Glen D. and Audrey C. Smith brought asbestosis cases, based on diversity jurisdiction, against defendants Celotex Corporation, Fibreboard Corporation ("Fibreboard"), Keene Corporation, Owens-Illinois, Inc., Pittsburgh Corning Corporation, Guigley Company, Inc., Eagle-Picher Industries, Inc., A.P. Green Refractories Company, Nicolet Industries, Inc., International Vermiculite Company, Inc., Raymark Industries, Inc., Anchor Packing, Harbison Walker Refractories, Inc., General Refractories Company and Cohart Refractories Company. Plaintiffs had all been employed by the Bethlehem Steel Sparrows Point Steel Plant in various capacities and claimed to have developed asbestosis or colon/rectal cancer from exposure to the defendants' asbestos products while there employed. The cases were consolidated for trial.
 
 
 3
 On June 26, 1986, defendant Fibreboard moved for summary judgment, based on lack of product identification, which plaintiffs opposed. The court orally denied defendant's motion. However, on September 15, 1986, the day on which trial commenced, plaintiffs withdrew their opposition, and the court granted summary judgment to Fibreboard. Pursuant to the court's ruling[1] that sanctions may be imposed against plaintiffs, who oppose a defendant's motion for summary judgment, which is not dismissed by the time of the pretrial conference and is later granted, the court ordered Fibreboard to file an itemization of costs and fees. Fibreboard submitted an itemized statement of attorney's fees, but plaintiffs neither opposed the request for attorney's fees nor responded to the itemization. At the hearing on the question of such fees, plaintiffs did not appear, and Fibreboard was awarded $2,203.57 in attorney's fees. No motion for reconsideration was filed.
 
 
 4
 On September 17, 1986, counsel made their opening statements and evidence was presented for three days. At this time, the district court noted its intention to bifurcate the liability and damages phases of the trial to expedite and reduce the cost of the litigation. On September 23, the court ordered bifurcation over plaintiffs' objection. The jury was then instructed that the trial had been bifurcated and advised how the trial would proceed and which issue would be considered first.
 
 
 5
 The trial continued for another two weeks. During this time, plaintiff Glen D. Smith produced evidence in support of his allegation that he had been exposed to A.P. Green's product Therm-O-Flake Block. Defendants, however, produced evidence demonstrating that Smith had not been exposed to Therm-O-Flake on any more than a de minimus level. At the conclusion of the plaintiff's case-in-chief, the court granted a directed verdict to A.P. Green as to plaintiff's exposure to Therm-O-Flake, but the judge denied the directed verdict motion by A.P. Green as to its insulating cement.
 
 
 6
 At the conclusion of the testimony, the district court again instructed the jury on the bifurcation. The court then directed a verdict for plaintiff Smith and found that he suffered from an asbestos-related pulmonary condition. After deliberation, the jury returned verdicts against all plaintiffs, except Smith, as to their asbestos-related conditions and against all plaintiffs on their cancer claims. The jury found that none of the products had been a substantial factor in Smith's asbestos-related pulmonary condition, even though Smith had been exposed to A.P. Green's products. Judgment was entered in favor of the defendants, and plaintiffs appealed.
 
 II.
 
 7
 Without a demonstration of prejudice, the late bifurcation of a trial does not constitute reversible error. See Helminski v. Ayerst Laboratories, 766 F.2d 208 (6th Cir.1985), cert. denied, 474 U.S. 981 (1985) (late bifurcation does not warrant reversal solely because of its lateness without some showing of prejudice); Kisteneff v. Tiernan, 514 F.2d 896 (1st Cir.1975) (late bifurcation upheld absent a demonstration of prejudice). While it would have been better if the trial judge had announced his intention to bifurcate before the trial began and before opening statements were made, the plaintiffs have demonstrated no prejudice from this failure. The decision to bifurcate was made only five days after opening statements had been made, and the trial continued thereafter for almost two weeks. The judge explained the bifurcation to the jury on two separate occasions, and the attorneys had ample opportunity to correct or explain any thing they may have said in their opening statements that might not apply in a bifurcated trial. The plaintiffs have not shown any resulting prejudice and the district court did not abuse its discretion in ordering the bifurcation.
 
 III.
 
 8
 In Lohrman v. Pittsburgh Corning Corp., 782 F.2d 1156 (4th Cir.1986), we established a rule in asbestosis cases to prevent plaintiffs' attorneys from abusing process by naming every known asbestos manufacturer or supplier as a defendant. Under Lohrman, in order for a plaintiff to survive a motion for directed verdict, he must demonstrate more than just de minimus contact. He must prove that the contact with the specific product was substantial and over extended period of time. Id. at 1162-63. We have examined the record below and agree with the finding of the district court that there was not enough evidence to create a jury issue as to whether plaintiff Smith's contact with Therm-O-Flake Block was sufficient under Lohrman to have been a substantial factor in causing his asbestos-related pulmonary condition.
 
 IV.
 
 9
 The trial judge did not abuse his discretion in awarding attorney's fees to Fibreboard Corporation. The district court has a well known Rule, which is particularly appropriate in asbestos litigation, because there has been a tendency to sue many defendants against whom the plaintiff cannot make out a case. This lack of evidence against some defendants becomes obvious during discovery. Justice is best served by getting these unnecessary parties out of the litigation at this point.
 
 
 10
 The Rule provides that in the event a defendant has filed a summary judgment motion, which plaintiff has opposed, if the defendant has not been dismissed by the time of the pretrial conference and said defendant later obtains a directed verdict in its favor, the court may impose a sanction of attorney's fee against the plaintiff. The Rule was clearly applicable and fairly applied in the present case. Fibreboard moved for summary judgment and plaintiffs opposed this motion until the opening day of trial, when opposition was withdrawn and Fibreboard was dismissed.
 
 
 11
 The trial court gave Fibreboard attorneys two weeks to file an itemization of fees and costs and ordered appellants' attorneys to file a response within two weeks of receiving the itemization. Appellants' attorneys did nothing. They did not oppose the request for fees; they did not respond to the itemization; they did not attend the hearing set to hear the motion for fee; and after the court's order setting the fee, they did not file a motion for reconsideration.
 
 
 12
 This failure to act in the district court will not be overlooked on appeal. "The failure to object at the proper time will be overlooked on appeal only if exceptional circumstances exist such as when the error is so obvious or so serious that the public reputation and integrity of the judicial proceeding is impaired." Dennis v. General Electric Corp., 762 F.2d 365, 367 (4th Cir.1985). The present facts do not present such exceptional circumstances, and the judgment is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 This is a helpful rule which was adopted and has particular application to asbestos litigation, because of the tendency of many plaintiffs to sue every known manufacturer of products containing asbestos, without regard to whether the plaintiff can prove exposure to the manufacturer's product. This rule reduces the expense of the litigation and simplifies the issues for trial